BAUER, Circuit Judge.
 

 Rodney Coil filed a petition for bankruptcy listing his former wife, defendant-appel-lee Betty Coil, as an unsecured creditor. Coil requested the bankruptcy court to enter a declaratory judgment discharging him from a promise to hold Betty Coil harmless for debts incurred during their marriage. The bankruptcy court held that Coil’s promise to hold Mrs. Coil harmless was a nondis-chargeable debt. The district court affirmed. Coil appeals from the district court order affirming the judgment of the bankruptcy court. We affirm.
 

 I
 

 Rodney and Betty Coils’ marriage was dissolved by order of the Circuit Court of Boone County, Illinois on July 18, 1980. The Judgment for the Dissolution of Marriage incorporated the Coils’ marital settlement agreement which divided the Coils’ property between Rodney and Betty and gave Mrs. Coil custody of their teen-age son. The agreement provided that Coil would pay $20.00 per week child support and that he would assume responsibility for the majority of their marital bills. Clause 6 of the agreement stated:
 

 Petitioner [Coil] shall be solely responsible for payment of all the outstanding marital bills incurred by the parties prior to the date of separation and shall hold respondent [Betty Coil] harmless as to any obligations thereon, except that respondent shall be solely responsible for payment of the outstanding debt owed to Montgomery Ward and shall hold petitioner harmless thereon.
 

 Included among the outstanding marital debts to which Coil agreed to hold Mrs. Coil harmless were a debt owed to the Belvidere Bank for money borrowed to purchase Coil’s automobile, a debt owed to the City National Bank for money borrowed to purchase a water softener, and a debt owed to the General Finance Corporation for money borrowed to purchase household furnishings and finance outstanding debts.
 

 On November 13, 1980, approximately four months after the Coils’ divorce, Coil filed his bankruptcy petition. He sought to be discharged from the indebtedness memorialized in clause 6 of the Coils’ marital settlement agreement. The bankruptcy court held that Coil’s indebtedness to Betty Coil was not dischargeable because it was “in the nature of alimony, maintenance, or support.” 11 U.S.C. § 523(a)(5)(B). The district court affirmed.
 

 II
 

 An indebtedness for a former spouse for alimony, maintenance, or support of the spouse or the couple’s children which is memorialized in the divorce decree is not dis-chargeable in bankruptcy. 11 U.S.C. § 523(a)(5). An indebtedness in the divorce decree that merely divides the marital property, however, is dischargeable.
 
 In re Maitlen,
 
 658 F.2d 466 (7th Cir. 1981). The issue in this case is whether clause 6 of the Coils’ settlement agreement was intended to provide support for Betty Coil and the Coils’ son or whether it was intended as an equalization of property rights.
 

 After conducting a hearing at which both Rodney and Betty Coil testified, the bankruptcy court found that the hold-harmless clause in the Coils’ divorce decree “was intended as an integral and inseparable part of the necessary maintenance and support for Betty Coil and the child.”
 
 In re Coil,
 
 
 *1172
 
 No. 81 A 0041, slip op. at 2 (B.C.N.D.Ill. May 28, 1981). We must accept this finding of fact unless it is clearly erroneous. Rule 810, Rules of Bankr.P.;
 
 In re Woods,
 
 561 F.2d 27, 29 (7th Cir. 1977).
 

 Betty Coil testified that she was reluctant to sign the marital settlement agreement because she thought the support payment was too low. She agreed to the settlement, however, after Coil and his attorney pointed out that the support payment was low because Coil was assuming responsibility for the majority of the outstanding marital debts. Coil denied that Betty Coil ever told him she thought the support payments should be higher. He admitted, however, that he did tell her not to worry about the amount of support because he would be paying most of their bills.
 

 The bankruptcy court was in the best position to assess Rodney and Betty Coils’ credibility; it credited Betty Coil’s testimony that the amount of support would have been increased but for the hold-harmless provision. The bankruptcy court’s finding that Betty Coil agreed to the hold-harmless provision in lieu of demanding more support is not clearly erroneous.
 

 Coil disagrees. Relying on
 
 In re Woods,
 
 561 F.2d 37 (7th Cir. 1977), Coil contends that clause 6 of their settlement agreement is a dischargeable division of property. In
 
 In re Woods,
 
 we noted that in determining whether an obligation memorialized in a divorce decree is dischargeable, the bankruptcy court must attempt to effectuate the parties’ or the divorce court’s intent. We discussed four factors that might assist the bankruptcy court in discerning what the parties of the divorce court intended: (1) whether the settlement agreement includes provision for payments to the ex-spouse; (2) whether there is any indication that the hold-harmless provision was intended to balance the relative incomes of the parties; (3) whether the hold-harmless clause is in the midst of provisions allocating property; and (4) whether the hold-harmless provision describes the character and method of payment. Coil contends that the bankruptcy court would have found clause 6 of the settlement agreement a dischargeable division of property if it had considered these factors.
 

 Coil’s reliance on the
 
 Woods
 
 factors is misplaced, for they are inconclusive in this case. The first two
 
 Woods
 
 factors indicate that the Coils’ settlement agreement was intended to provide support and maintenance, but the other two factors indicate that it was intended merely to divide the marital property. The Coils’ settlement agreement does provide that Coil will make weekly support payments to Betty. Moreover, Betty Coil testified that the hold-harmless provision was intended to balance their relative incomes, because in the absence of the hold-harmless clause, she would have needed more support. On the other hand, the hold-harmless provision is in the midst of provisions allocating the marital property, and it fails to describe the character and method of payment.
 

 The
 
 Woods
 
 factors, however, are not exhaustive. We noted in
 
 Woods
 
 that the bankruptcy court was forced to rely on these factors because there was no evidence in the record indicating what the divorce court or the parties intended. Id. at 29. In this case, however, there is some evidence that Betty Coil intended clause 6 to be in lieu of increased support. Moreover, the settlement agreement does provide some direct money support for their child. Under these circumstances, the
 
 Woods
 
 factors alone are not determinative.
 

 The bankruptcy court’s finding that the Coils’ settlement agreement was intended to obligate Rodney Coil to provide support and maintenance for Betty Coil and their son is not clearly erroneous. Accordingly, the district court order affirming the judgment of the bankruptcy court is
 

 AFFIRMED.