In re Larry Edward SEIDEL, Debtor.

Joyce E. SEIDEL, Plaintiff,

v.

Larry Edward SEIDEL, Defendant.

Bankruptcy No. 283–00774.

Adv. No. 283–0203.

United States Bankruptcy Court,
C.D. Illinois.

Jan. 31, 1984.

Thomas E. McClure, Bourbonnais, Ill., for plaintiff.

Ronald J. Dusenbury, Kankakee, Ill., for debtor/defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

LARRY LESSEN, Bankruptcy Judge.

This case comes before the Court on Joyce E. Seidel's (hereinafter referred to as "Mrs. Seidel") Objection to Discharge of Debtor filed against the Debtor, Larry Edward Seidel (hereinafter referred to as "Mr. Seidel"). The issue in the case is whether Mr. Seidel's agreement to pay certain bills, as set forth in their Judgment of Dissolution of Marriage, is in the nature of alimony, maintenance, or support within the meaning of 11 U.S.C. Section 523(a)(5) (1979). The Court has heard testimony from Mr. and Mrs. Seidel and has considered the arguments of counsel and the pleadings and makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. On June 15, 1983, a Judgment of Dissolution of Marriage was entered by the

Circuit Court of the Twelfth Judicial Circuit, Kankakee County, Illinois dissolving the marriage of Mr. and Mrs. Seidel. The Judgment of Dissolution of Marriage in pertinent part stated:

B. No children were born to or adopted by (Mr. and Mrs. Seidel), and (Mrs. Seidel) is not now pregnant.

G. (Mr. and Mrs. Seidel) have entered into an Oral Property Settlement Agreement concerning the maintenance of the parties, the respective rights of each party in and to the property, income or estate which either of them now owns or may hereafter acquire, including a division of all marital and non-marital property, and other matters, which agreement has been presented to this Court for its consideration. Said agreement was entered into freely and voluntarily between the parties hereto; it is not unconscionable and ought to receive the approval of this Court; and it is in words and figures as follows:

1. (Mr. Seidel) is hereby awarded the residence located at Rt. # 6, Box 316, Kankakee, Illinois, and everything now in his possession excepting: Tappan microwave oven and stand, a spinning wheel, Gibson stereo, movie camera and projector, World Book set, wall decorations, holiday decorations, childrens' bedroom sets, childrens' personal belongings, small Regina vacuum, hand-vacuum, (Mrs. Seidel's) personal belongings, sewing machine, grill, dishes, pots and pans, silverware, white cabinet, 18-foot diameter aboveground swimming pool, 1976 Olds 98 automobile.

2. Both parties hereby waive maintenance.

3. (Mr. Seidel) shall assume responsibility for the following bills: Dial Finance, Credit-Thrift, Sears and Lassers and hold (Mrs. Seidel) harmless therefrom.

2. At the time of the Judgment of Dissolution Mrs. Seidel had at least two children living with her from a prior marriage, and at that time she earned approximately $80.00 per week, gross, from Bradley Cleaners. She had no savings and no other source of income. Presently, Mrs. Seidel earns the same amount of money, but she also receives food stamps.

3. At the time of the Judgment of Dissolution Mr. Seidel was employed at Midwest Transit and received approximately $250.00 per week, net. Within a few months after the Dissolution he became unemployed and presently receives unemployment compensation for himself and a child from a previous marriage in the amount of $202.00.

4. The debts in issue are as follows:

a. Dial Finance which was for a 1976 Oldsmobile and at the time of Dissolution amounted to approximately $100.00 per month. After the Dissolution Mrs. Seidel retained the automobile.

b. Credit Thrift which was for several loans and amounted to approximately $155.00 per month.

c. Sears, in the amount of approximately $30.00 per month, for clothes for Mr. Seidel, Mrs. Seidel, and Mrs. Seidel's children, remodeling supplies, and miscellaneous items.

d. Lassers, in the amount of $54.00 per month for furniture.

5. At trial Mrs. Seidel testified that at the time of Dissolution she was unable to financially support herself and children and pay the debts to Dial Finance, Credit Thrift, Sears, and Lassers, and because Mr. Seidel assumed responsibility for the debts she requested no alimony or support. Mr. Seidel, on the other hand, testified that at the time of Dissolution Mrs. Seidel was employed and capable of supporting herself and it was for these reasons that no agreement for alimony or support was made.

6. On September 8, 1983, Mr. Seidel filed his Petition for Relief under Chapter 7 of the Bankruptcy Code. Mr. Seidel listed the following creditors and their respective debts: Lasser's, $1542.36; Sears, $940.00; Credit Thrift of America, $4,000.00; Norwest Financial Illinois (successor to Dial Finance), $4,000.00; and Joyce Seidel, as "joint contractor", $4,000.00.

7. Mrs. Seidel initiated this Objection to Discharge on October 17, 1983, in which she alleges the debt which she is listed as a creditor is in the nature of alimony, maintenance, and support and is not dischargeable in Mr. Seidel's bankruptcy petition pursuant to 11 U.S.C. Section 523(a)(5) (1979).

CONCLUSIONS OF LAW

This Court has jurisdiction over the parties and subject matter in this case. Though the complaint is phrased as an Objection to Discharge of Debtor the basis of the complaint, Section 523(a)(5) of the Bankruptcy Code, indicates that the proper course is a Complaint to Determine Dischargeability of Debtor. The Court will treat this matter as a Complaint to Determine Dischargeability.

■ Many courts have considered the issue presently before the court. The courts which have considered the issue generally agree on the applicable law, but when the law is applied to specific facts, the courts differ in results. The Bankruptcy Code provides that a debt to a former spouse of the debtor for alimony, maintenance, or support of the former spouse in connection with a divorce decree or property settlement agreement, to the extent that such liability is actually in the nature of alimony, maintenance, or support, is not dischargeable in the debtor's bankruptcy. 11 U.S.C. Section 523(a)(5)(B) (1979). Whether a debt between former spouses constitutes alimony, maintenance, or support is determined under bankruptcy laws, not state law. *In re Harke*, 24 B.R. 645, 647 (Bankr.W.D. Penn.1982). *In re Petoske*, 16 B.R. 412, 413 (Bankr.E.D.N.Y.1982), both cases citing H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 364 (1977), reprinted in (1978) U.S.Code Cong. & Ad.News 5787, (5865, 5963, 6320).

■ Federal courts have set forth many factors to test whether a separation agreement is in the nature of alimony, maintenance, or support. Though no one factor is controlling, *In re Petoske*, 16 B.R. 412, 413, citing *In re Fox*, 5 B.R. 317, 321 (Bankr.N. D.Tex.1980), these factors include: (1) whether the settlement agreement includes payments for the ex-spouse, *In re Woods,*

561 F.2d 27 (7th Cir.1977), *In re Coil*, 680 F.2d 1170, 1172 (1982); (2) whether there is any indication that provisions within the agreement were intended to balance the relative incomes of the parties, *Id.*; (3) the position of the assumption to pay debts within the agreement, *Id.*; (4) the character or method of payment of the assumption, *Id.*; (5) the nature of the obligations, *In re Petoske*, 16 B.R. 412, 413–414, citation omitted; (6) whether children resulted which had to be provided for, *Id.*; (7) the relative earning power of the spouses, *Id.*; (8) the adequacy of support absent debt assumption, *Id.*; and, (9) the parties' understanding of the provisions, *Id.*, and intent. *Matter of Coil*, 680 F.2d 1170, 1172 (1982). The court has considered the above listed factors and based on all the evidence holds that the Property Settlement provisions in the Seidels' Judgment of Dissolution of Marriage is not in the nature of alimony, maintenance, or support within the meaning of 11 U.S.C. Section 523(a)(5).

■ Focussing initially on the Judgment of Dissolution, the Court notes that paragraph G is the result of a prior oral Property Settlement. Though the Court is concerned with the agreement's substance, not its form, *In re Woods*, 561 F.2d 27, 29 (1977), the label "Property Settlement" is indicative of the Seidels' intent. The Judgment of Dissolution unequivocally states that the Seidels waive maintenance. This provision further suggests that a property settlement was intended by the parties. Another factor suggesting that maintenance, alimony, or support were not intended is the specificity of the property division. Mr. Seidel was to receive a residence, which was non-marital property under Illinois law, everything in his possession, and was to assume responsibility for the debts to Sears, Lassers, Dial Finance, and Credit Thrift. Mrs. Seidel was to receive a pool, car, microwave, and other specified items. The specificity of the property division suggests that the Seidels intended a property division not alimony, maintenance, or support.

Applying the above enumerated facts also requires a finding that the debt is dischargeable. First, Mr. Seidel's obligation to pay the bills incurred during the marriage benefits Mrs. Seidel too tenuously and indirectly to have been undertaken for support. *In re Woods*, 561 F.2d 27, 30 (1977).

Second, there is no indication that the assumption provision was intended to balance the relative income of the parties, *Id.* Though, Mr. Seidel testified that the assumption provision was a factor in his concluding that Mrs. Seidel was capable of supporting herself after their marital dissolution, there is no indication that the parties intended to balance relative incomes.

Third, the location of the assumption provision is instructive. It is found in a subparagraph of the disposition of property arrangement and follows the specific property division provision and the waiver of maintenance provision. See *In re Woods, Id.* This suggests that the parties intended a property settlement.

Fourth, no method of payment is specified to suggest either a property settlement or alimony, maintenance, or support.

Fifth, the nature of the obligations to be assumed do not indicate one result or the other. On one hand Mr. Seidel's assumption of payments for Mrs. Seidel's car suggests support. On the other hand, the assumption of remodeling supplies costs suggest property settlement. The record does not clearly demonstrate either result.

Sixth, no children were born to Mr. and Mrs. Seidel though each had children from other marriages. This fact further suggests that the parties did not intend that support be paid.

Seventh, a factor relied upon very heavily by Mrs. Seidel, is the relative earning capacities of the parties. *In re Harke*, 24 B.R. 645 (1982). *In re Petoske*, 16 B.R. 412 (1982). Mrs. Seidel argues that *In re Harke* and *In re Petoske* requires this court to hold that the disparity between Mr. and Mrs. Seidel's income at the time of Dissolution indicates that the assumption provision is alimony, maintenance, or support for purposes of 11 U.S.C. Section 523(a)(5). These cases, however, clearly recognize that earning capacity is one of several factors to be considered, *In re Petoske*, 16 B.R. 412, 413 (1982) and that in each case which raises this issue the court must make an independent examination of the facts. *In re Harke*, 24 B.R. 645, 647 (1982). The court has considered the testimony of Mr. and Mrs. Seidel and the pleadings and finds that the parties intended a property settlement in their Judgment of Dissolution of Marriage.

Eighth, the adequacy of support absent debt assumption, is not determinative one way or the other. Mr. Seidel had a good job and sufficient income to pay any marital debts and there was nothing to indicate that the parties were concerned with alimony or maintenance. Mrs. Seidel appeared to have possessed the wherewithal to provide for herself and her children.

It is only when Mr. Seidel lost his job and filed bankruptcy that his former wife asserted that the debt assumption was alimony or maintenance and she would not have waived alimony if she had known there was a possibility she could be liable on the debts.

Though present in court for the dissolution proceedings, she made no effort to question the court's order providing for a waiver of alimony by both parties.

Lastly, there is no suggestion by either party that at the time the agreement was entered into either party failed to understand its terms. Hindsight may shed a different light on the agreement, but Mr. Seidel's bankruptcy will not transform a property settlement agreement into alimony, maintenance or support.

Therefore, Mrs. Seidel's Complaint (To Determine Dischargeability) is denied and the debt listed by Mr. Seidel to Mrs. Seidel is discharged.