In re Louis L. KAGAN, d/b/a Ye Olde Village Printery, Inc., Debtor.

Angela P. KAGAN, Plaintiff,

v.

Louis L. KAGAN, Defendant.

Bankruptcy Nos. 83 B 2007, 83 A 2359.

United States Bankruptcy Court, N.D. Illinois, E.D.

Sept. 12, 1984.

**564**

William J. O'Connor, Chicago, Ill., for plaintiff.

Robert J. Adams & Assoc., Chicago, Ill., for defendant.

Richard Hillsberg, Chicago, Ill., trustee.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter is before the court on the plaintiff's motion for summary judgment on her adversary complaint to except from discharge a certain debt. Having considered the pleadings, memoranda and exhibits filed in this matter, the court hereby concludes that the debt is in the nature of a property settlement and, therefore, the court hereby orders that debt to be dischargeable and enters summary judgment in favor of the defendant Louis L. Kagan.

## FACTS

On January 8, 1982, a Judgment for Dissolution of Marriage was entered in the Circuit Court of the 19th Judicial District, McHenry County, Illinois, dissolving the marriage between the plaintiff and the debtor herein. Under the terms of the Marital Settlement Agreement, the debtor was to pay plaintiff an unallocated sum of $1,716.00 per month. That unallocated amount was to be reduced upon the death or emancipation of the children. Subsequently, arrearages occurred under that agreement. On April 18, 1983 the parties agreed to an order which determined the amount of the arrearage to be $5,237.00. The parties agreed that sum of arrearages would be nondischargeable in bankruptcy.

Additionally, Article III of the Marital Settlement Agreement captioned "Real Estate" provided as follows:

a. The aforesaid residence shall be used as the primary residence of the children. The Wife shall have the sole and exclusive use and occupancy of said residence. Wife shall be solely responsible for all payments of principal and interest on the existing first mortgage to First Federal Savings and Loan Association of Chicago, real estate taxes, utilities, assessments, and repairs, saving and holding Husband harmless with respect thereto. Husband shall be solely responsible for all payments of principal and interest on the existing second mortgage to Ye Olde Village Printery, Inc., saving and holding wife harmless with respect thereto.

The debtor filed his petition pursuant to Chapter 7 of the Bankruptcy Code on February 11, 1983. In March, 1983 the plaintiff commenced an action in the Circuit Court for the 19th Judicial Circuit. On September 23, 1983, the Circuit Court judge issued an order in that matter which, *inter alia* provides:

2. That the agreement by Defendant Husband to pay and indemnify Plaintiff Wife from a second mortgage owed to "Ye Old Printery, Inc." is a non-dischargeable debt in the nature of child support, alimony, maintenance or the like and Defendant Husband is required to pay same notwithstanding any bankruptcy proceedings.

The plaintiff in this matter has moved for summary judgment on her complaint asserting that the order issued by the Circuit Court is *res judicata* as to the issue of whether the payment of the second mortgage is support, alimony or maintenance and thus nondischargeable, or a property settlement which may be discharged.

Thus, two issues are presented to the court for resolution. The first is whether a Bankruptcy Court is bound to a determination of nondischargeability rendered by a state court. The second is whether there remains a genuine issue of material fact as to the nature of the agreement to pay the second mortgage—that is whether the obligation is in the nature of child support or of a property settlement.

## DISCUSSION

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment and is made applicable to adversary proceedings by Rule 7056 through Rule 9014 of the Rules of Bankruptcy Procedure. Summary judgment may be entered if there remains no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Moreover, the weight of authority holds that summary judgment may be rendered in favor of the opposing party even though he has made no formal cross-motion under Rule 56. 10A C. Wright, A. Miller and M. Kane, *Federal Practice and Procedure*, Civil 2d, § 2720 (1983); *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 311 (9th Cir.1982). That practice has been determined to be in keeping with the objective of Rule 56 to expedite the disposition of cases. *Id.* In the present case, the debtor has not presented a motion for summary judgment. However, for the reasons set forth in this memorandum, this court has concluded that summary judgment in favor of the debtor is appropriate.

 Whether a given obligation is in the nature of support or a property settlement is a matter of the intent of the parties. *In re Woods*, 561 F.2d 27, 29 (7th Cir.1977); *In re Calhoun*, 715 F.2d 1103, 1109 (6th Cir.1983). It is well settled that the question of whether a given award is a property settlement and, therefore dischargeable, or a non-dischargeable obligation in the nature of maintenance, alimony, or child support is one of federal law to be determined by the bankruptcy court. The bankruptcy court is not bound by the label which the state court places upon a decree. *In re Woods*, 561 F.2d 27, 29 (7th Cir.1977); *In re Renzulli*, 28 B.R. 41, 43 (Bankr.N.D. Ill.1982). However, state law provides criteria which indicate whether a given award is in the nature of a property settlement or award of support, alimony or maintenance. *Id.* In the present case, the Circuit Court entered a brief order which stated that the debtor's obligation was nondischargeable. That order set forth no findings upon which the conclusion was premised. This Court is clearly not bound by the Circuit Court's order on principles of *res judicata*. The *res judicata* effect of the Circuit Court order is the sole basis for the plaintiff's motion for summary judgment. The plaintiff's motion is hereby denied.

For reasons which follow, this court concludes that the agreement set forth an obligation which is in the nature of a property settlement. The obligation is, therefore, dischargeable in bankruptcy. *In re Coil*, 680 F.2d 1170, 1171 (7th Cir.1982); *In re Maitlen*, 658 F.2d 466 (7th Cir.1981). The *Coil* court noted that in determining whether an obligation memorialized in a divorce agreement is dischargeable, the bankruptcy court must determine the intent of the parties. The *Coil* case involved an agreement to hold the spouse harmless for all outstanding marital bills incurred by the parties prior to separation. The *Coil* court discussed four factors from *In re Woods*, 561 F.2d 27 (7th Cir.1977), which are to guide a bankruptcy court in determining the intent of the parties. Those factors are: "(1) whether the settlement agreement includes provision for payments to the ex-spouse; (2) whether there is any indication that the hold-harmless provision was intended to balance the relative incomes of the parties; (3) whether the hold-harmless clause is in the midst of provisions allocating property; and (4) whether the hold-harmless provision describes the character and method of payment." *Coil*, 680 F.2d at 1172.

 In the present case, the agreement provided for maintenance and support payments to the plaintiff. Thus, that factor indicates that the hold-harmless agreement was one dividing property. Additionally, in the instant case, the provision at issue is contained in the article entitled "real estate" rather than being among support provisions. Thus, that factor indicates that a property settlement was intended. Finally, the provision merely directs that the debtor is to pay the second mortgage on the marital residence. Although the fact that a payment is being made to a

third party does not preclude a determination that the payment is in the nature of support, considered with other factors which indicate that a property division was intended, that fact weighs more heavily toward a determination of property division.

There is before the court no indication as to whether the agreement was to equalize the parties' income. Even if evidence were introduced to support the inference most favorable to the plaintiff that the agreement was to equalize vastly disparate incomes, it is doubtful that the evidence could outweigh the other indicators that a property settlement was intended. The *Coil* court noted the particular importance of support being provided for elsewhere in the agreement. *Id.* at 1182. In the present case, the Marital Settlement Agreement provided for an unallocated support and maintenance award of $1,716.00 per month.

Also indicative of the nature of an award is whether the support award increases when the second mortgage obligation was paid. *Matter of Albin,* 591 F.2d 94 (9th Cir.1979) (construing Bankr. Act § 17(a)(7)). Although this factor is by no means determinative, a provision providing for increase would strengthen an argument that the present provision was for the purpose of support. In the present case, there was no such provision.

Courts have also looked to whether a given payment is to terminate on the death or remarriage of the spouse. Such a provision would indicate that the payment was in the nature of support. *Id.* The provision in question made no reference to a termination in the event of the death or remarriage of the spouse.

Upon examining factors relevant to a determination of whether the obligation at issue is in the nature of a property settlement or support, this court finds that the parties intended a division of property.

Therefore, this court concludes that the provision which directed the debtor to pay the second mortgage is one in the nature of a property settlement and is, therefore, dis-

chargeable. Accordingly, summary judgment is hereby entered in favor of the debtor.

It is further ordered that should the parties have additional evidence of the parties' intent at the time the Marital Settlement Agreement was drafted, it may be presented to the court by affidavit; upon receipt of which the court will determine the appropriateness of further hearing.

So ordered.