**In re Michael R. DAULTON, f/d/b/a Inch Busters, Debtor.**

**Michael R. DAULTON, Plaintiff,**

**v.**

**Lou Ann DAULTON, Defendant.**

**Bankruptcy No. 91–90297.**
**Adv. No. 91–9037.**

United States Bankruptcy Court,
C.D. Illinois.

March 26, 1992.

Peter C. Alexander, Savoy, Ill., for plaintiff.

M. Eugene Wright, Danville, Ill., for defendant.

Steve Miller, Danville, Ill., trustee.

OPINION

GERALD D. FINES, Bankruptcy Judge.

This matter having come before the Court for trial on Plaintiff's Complaint to determine dischargeability; the Court, having heard sworn testimony and arguments of counsel and being otherwise advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure:

*Findings of Fact*

The Court finds that the material facts in this matter are not in serious dispute and are in pertinent part as follows:

1. The Plaintiff and Defendant were previously married having two minor children as a result of their marriage.

2. The parties' marriage was dissolved on July 25, 1988.

3. A Second Amended Supplemental Judgment of Dissolution of Marriage was entered on December 21, 1990, in the State Court which, among other things, resolved issues of property distribution, child custody, child support, and maintenance as between the parties.

4. Under the aforementioned Order, the Plaintiff was ordered to pay certain marital obligations specifically designated in the Order at paragraphs D, H, I, J, K, L, M, N, O, P, Q, R, S, T, U, V, W, and Y. The Plaintiff alleges that these obligations were property divisions and, as such, dischargeable under 11 U.S.C. § 523(a)(5).

5. The Plaintiff filed for bankruptcy under Chapter 7 of the Bankruptcy Code on March 4, 1991, and he listed the Defendant as a creditor based upon the State Court Judgment of Dissolution.

6. The Defendant has also filed for bankruptcy under Chapter 7 and has received a discharge of those debts she listed in her bankruptcy schedules. *See: Lou Ann Daulton, a/k/a Lou Ann Duitsman,* Bankruptcy Case No. 91–90953.

7. At trial, the parties stipulated that, as a result of Defendant's bankruptcy, only

the issues of Defendant's divorce attorney fees and Guardian ad Litem fee (see paragraphs U and S of December 21, 1990, State Court Order) were being contested.

8. Trial was held on the remaining issues on March 5, 1992. Defendant's Exhibit Nos. 1 and 2 and Joint Exhibit No. 3 were all admitted into evidence without objection.

### Conclusions of Law

■ The Plaintiff/Debtor has the burden of proving that the debts in question are dischargeable in bankruptcy under 11 U.S.C. § 523(a)(5). The Plaintiff must meet his burden by a preponderance of the evidence. Given that the issues in this case have been narrowed to the question of attorney and Guardian ad Litem fees, the Plaintiff must show that said fees were not incurred in connection with the collection or award of child support, maintenance, or alimony or that said fees were not awarded against Plaintiff in lieu of alimony, maintenance, or child support.

■ As for the question of the subject fees being incurred in connection with the collection or award of support or maintenance, the Court must find in Plaintiff's favor. The facts surrounding the generation of these fees are not in dispute and, from the evidence, the Court is unable to determine what portion of these fees, if any, concerns support or maintenance. The Court can conclude that a part of these fees may have related to award or collection of support and/or maintenance, but it is impossible to determine an amount from the evidence presented at trial.

■ The final question concerns whether the subject fees were awarded against Plaintiff in lieu of a direct maintenance or support payment to his ex-wife. Title 11 U.S.C. § 523(a)(5) provides that an indebtedness to a former spouse for alimony, maintenance, or support of the spouse or the couple's children which is memorialized in a divorce decree is not dischargeable in bankruptcy, 11 U.S.C. § 523(a)(5). However, the division of marital property pursuant to a divorce decree is treated as a debt dischargeable in bankruptcy. *In re Coil,* 680 F.2d 1170, 1171 (7th Cir.1982); *In re Maitlen,* 658 F.2d 466, 478 (7th Cir. 1981).

■ The factors to test whether a property settlement agreement is in the nature of alimony, maintenance, or support include the following:

1. Whether the settlement agreement includes payment for the ex-spouse;
2. Whether there is any indication that provisions within the agreement were intended to balance the relative income of the parties;
3. The position of the assumption to pay debts within the agreement;
4. The character or method of payment of the assumption;
5. The nature of the obligation;
6. Whether children resulted which had to be provided for;
7. The relative future earning power of the spouse;
8. The adequacy of support absent debt assumption;
9. The parties' understanding of the provisions;
10. The label of the obligations;
11. The age of the parties;
12. The health of the parties;
13. Existence of "hold harmless" or assumption terminology;
14. Whether the assumption terminated upon death or remarriage;
15. Whether the parties had counsel;
16. Whether there was a knowing, voluntary, and intelligent waiver of rights;
17. Length of the marriage;
18. Employment of the parties;
19. The demeanor and credibility of the parties;
20. Other special or unique circumstances of the parties.

*See, In re Seidel,* 48 B.R. 371 (Bankr. C.D.Ill.1984); *In re Woods,* 561 F.2d 27 (7th Cir.1977), *In re Maitlen,* 658 F.2d 466 (7th Cir.1981), *In re Coil,* 680 F.2d 1170 (7th Cir.1982), *In re Marriage of Lytle,* 105 Ill.App.3d 1095, 61 Ill.Dec. 825, 435 N.E.2d 522 (1982), and *In re Calhoun,* 715 F.2d 1103 (6th Cir.1983).

In considering the factors outlined above, the Court concludes that the fees in question were not intended to be in the nature of alimony, maintenance, or child support. The December 21, 1990, Dissolution Order contains a maintenance section at paragraph D. and specifically states at paragraph Z.Z. that maintenance is waived by both parties except as otherwise provided in the Order. Additionally, there is a separate paragraph concerning child support. This Court is not bound by the labels placed on these debts by the State Court, but, in this case, the Court finds the State Court Order indicative of the State Court's intent and the intent of the parties as to the characterization of the debts in question.

The Court further finds that the income of the parties at the time of the December 21, 1990, Order was relatively equal given Plaintiff's child support payments to Defendant and Plaintiff's care of Defendant's son. There is no indication that the fees were awarded against Plaintiff to balance the income of the parties. The parties are young and appear to have a relatively equal ability to earn a living. These factors, together with others of a more minor character, lead the Court to find in favor of Plaintiff as to all of the debts in question.

As a final note, the Court considers a $6,500 amount which the Plaintiff was ordered to pay directly to Defendant. The parties didn't seem to consider this matter at issue, but the Court finds that, if it was at issue, the Plaintiff must prevail on that debt also. The $6,500 is clearly a property division matter and not related to alimony, maintenance, or support.

### ORDER

For the reasons set forth in an Opinion entered on the 26 day of March 1992;

IT IS HEREBY ORDERED that the Complaint filed by Plaintiff on April 24, 1991, is ALLOWED.