**In re Mark NIEMAN, Debtor.**

**Barbara Nieman, Plaintiff,**

**v.**

**Mark Nieman, Defendant.**

**Bankruptcy No. 98 B 24497.**
**Adversary No. 98 A 01946.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Aug. 18, 1999.

Jennifer C. Davenport, Chicago, IL, for plaintiff.

Jonathan G. Anderson, Schaumburg, IL, for Defendant.

## MEMORANDUM OPINION

ERWIN I. KATZ, Bankruptcy Judge.

This matter comes before the court on the cross-motions for summary judgement by Barbara Nieman ("Barbara") and her ex-husband Mark Nieman ("Mark"). Barbara filed a complaint under 11 U.S.C. § 523(a)(5) to determine the dischargeability of a debt created by the parties' Dissolution of Marriage Agreement. For the reasons set forth herein, the Court denies both motions.

## I. JURISDICTION AND PROCEDURE

This Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. It is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## II. FACTS AND BACKGROUND

Mark and Barbara were married on August 11, 1968. They do not have any children. On May 21, 1986, the Circuit Court of Cook County, Illinois issued an agreed judgment for the dissolution of their marriage ("Dissolution Judgement"). In Article II of the Dissolution Judgement, entitled "Assignment of Non–Marital Property–Disposition of Marital Property–Payment of Marital Debts," the Divorce Court awarded the marital home, together with all the furniture and household accessories, and a certain 1981 Oldsmobile Toronado, to Barbara. The court declared that Barbara retain all accounts presently in her name, and that Mark retain all accounts presently in his name, including title and interest in the common stock in the close corporation known as Nieman Pharmacy. The court also awarded Mark a certain 1979 Cadillac Eldorado. The

Court ordered that Mark should pay Barbara $150,000.00.

This controversy concerns whether the payment of $50,000 ordered in Article III of the Dissolution Judgement is alimony or a property settlement. Article III in its entirety states:

ARTICLE III: SETTLEMENT IN LIEU OF MAINTENANCE (ALIMONY)—WAIVER OF MAINTENANCE BY HUSBAND.

1. As and for a lump sum settlement in lieu of maintenance, whereas the Wife waives all other rights, claims, and demands from the Husband to maintenance, past, present, and future; temporary or permanent, the husband shall pay to the Wife as alimony in gross, the sum of Fifty Thousand Dollars (50,000.00), payable as follows:

(A) The sum of Twenty Five Thousand Dollars (25,000.00) on or before May 1, 1987.

(B) The sum of Twenty Five Thousand Dollars (25,000.00), payable at the rate of One Thousand Dollars ($1,000.00) per month, commencing May,1 1988 and monthly thereafter until satisfied in full.

In accordance with Section 71(b)(1)(B) of the Internal Revenue Code, the parties expressly agree to designate all payments required under the aforesaid last subparagraph as non-deductible payments from the husband's gross income and excludable payment in the Wife's gross income for purposes of Sections 71 and 215 of the Code, respectively.

2. The obligation of the Husband to pay and the right of the wife to receive said alimony payments, as reflected hereinabove, shall not be subject to modification for any reason whatsoever, pursuant to Section 502(f) of the Illinois Marriage and Dissolution of Marriage Act of 1977, as amended, or any identical or comparable provisions of any similar statute which may be hereafter enacted.

3. The Husband hereby waives any and all rights, claims, and demands from the Wife to maintenance, past, present, future, temporary or permanent and except as provided hereunder, the Wife hereby waives any and all rights, claims and demands from the Husband to maintenance, past, present, future, temporary or permanent.

Mark filed a petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101, et seq., on August 6, 1998. Thereafter, on February 3, 1999, Barbara filed the instant adversary proceeding seeking a declaration that the $50,000 debt is not dischargeable under 11 U.S.C. § 523(a)(5). Mark filed an answer on February 22, 1999, alleging that the debt is dischargeable under 11 U.S.C. § 523(a)(5), and denying that he failed to pay the debt. The parties have filed cross motions for summary judgement.

## III. APPLICABLE STANDARDS

### A. Summary Judgment

The purpose of summary judgment under Federal Rule of Civil Procedure 56 (adopted by Federal Rule of Bankruptcy Procedure 7056), is to avoid unnecessary trials when there is no genuine issue of material fact in dispute. *Farries v. Stanadyne/Chicago Division,* 832 F.2d 374, 378 (7th Cir.1987); *Wainwright Bank & Trust Co. v. Railroadmens Fed. Sav. & Loan Assoc. of Indianapolis,* 806 F.2d 146, 149 (7th Cir.1986). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Matsushita Elect. Indust. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585–86, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Trautvetter v. Quick,* 916 F.2d 1140, 1147 (7th Cir.1990). The existence of factual disputes is sufficient to deny summary

judgment only if the disputed facts are outcome determinative. *Jones Truck Lines, Inc. v. Republic Tobacco, Inc.,* 178 B.R. 999, 1003 (Bankr.N.D.Ill.1995). The burden is on the moving party to show that there is no such factual dispute. *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552; *Matsushita,* 475 U.S. at 585–87, 106 S.Ct. at 1355–56; *In re Chicago, Missouri & Western Ry. Co.,* 156 B.R. 567 (Bankr. N.D.Ill.1993). This burden is met when the record, as a whole, does not lead a rational trier of fact to find for the nonmoving party. *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356. "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." The respondent may not rest upon mere allegations or denials in its pleadings. *Anderson v. Liberty Lobby,* 477 U.S. 242, 249–250, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202.

The parties have filed cross motions for summary judgment. Each motion must be ruled on independently and must be denied if there are genuine issues of material fact. *ITT Indus. Credit Co. v. D.S. America, Inc.,* 674 F.Supp. 1330, 1331 (N.D.Ill. 1987). Cross motions for summary judgment do not require the Court to decide the case on those motions; the Court can deny the motions if both parties have failed to meet the burden of establishing any genuine issue of material fact exists and that they are entitled to judgment as a matter of law. *Id.; Pettibone Corp. v. Ramirez,* 90 B.R. 918, 922 (Bankr.N.D.Ill. 1988); *Bolger v. Bolger (In re Bolger),* No. 97 B 14380, 1997 WL 851443, at *3 (Bankr. N.D.Ill. Oct. 28, 1997).

**B. The Standards for Dischargeability in the Seventh Circuit**

 The party seeking to establish an exception to the discharge of a debt bears the burden of proof. *Selfreliance Fed. Credit Union v. Harasymiw (In re Harasymiw),* 895 F.2d 1170, 1172 (7th Cir.1990); *Banner Oil Co. v. Bryson (In re Bryson),* 187 B.R. 939, 961 (Bankr.N.D.Ill.1995).

The United States Supreme Court has held that the burden of proof required to establish an exception to discharge is by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *In re McFarland,* 84 F.3d 943, 946 (7th Cir.), cert. denied, 519 U.S. 931, 117 S.Ct. 302, 136 L.Ed.2d 220 (1996); *In re Thirtyacre,* 36 F.3d 697, 700 (7th Cir.1994). To further the policy of providing a debtor a fresh start in bankruptcy, "exceptions to discharge are to be construed strictly against a creditor and liberally in favor of a debtor." *Goldberg Secs., Inc. v. Scarlata (In re Scarlata),* 979 F.2d 521, 524 (7th Cir.1992) (quoting *In re Zarzynski,* 771 F.2d 304, 306 (7th Cir. 1985)). *Accord Meyer v. Rigdon,* 36 F.3d 1375, 1385 (7th Cir.1994). *Bolger,* 1997 WL 851443, at *3.

## IV. DISCUSSION

Section 523 of the Bankruptcy Code enumerates specific exceptions to the dischargeability of debts. Barbara contends that the subject debt constitutes maintenance or support, and as such is nondischargeable under § 523(a)(5), which provides in relevant part:

> (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
> (5) to a spouse, former spouse ... for alimony to, maintenance for, or support of such spouse ... in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement....

11 U.S.C. § 523(a)(5).

 A debt owed to a former spouse, awarded pursuant to a divorce decree, which is alimony, maintenance, or support is non-dischargeable. *In re Coil,* 680 F.2d 1170, 1171 (7th Cir.1982); *Maitlen v. Maitlen (In re Maitlen),* 658 F.2d 466, 468 (7th Cir.1981); *Bradaric v. Bradaric (In re Bradaric),* 142 B.R. 267, 269 (Bankr.

N.D.Ill.1992). Obligations that arise as part of the division of marital property, however, are dischargeable. *In re Coil,* 680 F.2d at 1171. "An award of maintenance and support is meant to provide an ex-spouse with necessary goods or services which he or she would otherwise not be able to purchase." *Calisoff v. Calisoff (In re Calisoff),* 92 B.R. 346, 352 (Bankr. N.D.Ill.1988); *Kolodziej v. Reines (In re Reines),* No. 96 B 21172, 1997 WL 106715, at *3 (Bankr.N.D.Ill. March 6, 1997).

■ Section 523(a)(5) provides three requirements that must be met in order for a debt to be non-dischargeable: (1) the underlying debt must be in the nature of alimony, maintenance, or support; (2) the debt must be owed to a former spouse or child; and (3) the debt must be incurred in connection with a separation agreement, divorce, or property settlement agreement. *Kinnally v. Fonnemann (In re Fonnemann),* 128 B.R. 214, 217 (Bankr.N.D.Ill. 1991); *Reines,* 1997 WL 106715, at *4.

In this case, only the first of the three elements is in dispute. There is no dispute that the debt is owed by Mark to Barbara, his former spouse, and that it was incurred in connection with the Dissolution Judgment.

■ In determining whether a debt is in the nature of support or maintenance, or whether it is properly characterized as a division of property courts have considered the following factors:

(1) whether the obligation terminates upon the death or remarriage of either spouse (termination of the obligation indicates the obligation was for support);

(2) whether the obligation is payable in a lump sum or in installments over a period of time (obligation spread over time indicates the obligation was for support);

(3) whether the payments attempt to balance the parties' income (payments to balance income indicate the payments were for support);

(4) the characterization of the obligation in the decree (obligations described as support indicate the obligation was for support);

(5) the placement of the obligation in the decree (obligations under the heading support indicate the obligation was for support);

(6) whether there is any mention of support payments (separate mention of support payments indicates the obligation is not for support);

(7) whether there are children who need support (if children are of the age when support is required, this indicates the payments may be for support);

(8) whether there is a large differential in net income (a large differential in income would indicate the payments were for support);

(9) whether the obligation was thought to be taxable to the recipient (payments thought to be taxable indicate the payments were for support); and

(10) waivers of maintenance.

*See In re Woods,* 561 F.2d at 29–30; *Maitlen,* 658 F.2d at 468–69; *In re Coil,* 680 F.2d at 1172; *Wright v. Wright (In re Wright),* 184 B.R. 318, 321 (Bankr.N.D.Ill. 1995); *Daulton v. Daulton (In re Daulton),* 139 B.R. 708, 710 (Bankr.C.D.Ill. 1992). The critical and principal inquiry is whether the intent of the divorce court and the parties was to provide support or divide marital property and debts. *Elkhatib v. Elkhatib (In re Elkhatib),* 108 B.R. 650, 652 (Bankr.N.D.Ill.1989); *Reines,* 1997 WL 106715, at *4.

■ The Court finds that there are unresolved questions of fact regarding the intent of the parties. The *Woods* factors do not yield one result. The Dissolution Judgment is ambiguous regarding the waiver of maintenance issue, and is silent regarding the possibilities of termination. The payment scheme does not clearly militate for either position. Most importantly, neither party has brought any evidence showing the incomes of the parties. Thus,

this Court does not have sufficient information to determine whether there is a large differential in net incomes and whether the payment was an attempt to balance the parties' income.

This Court finds that there are genuine issues of material fact and denies both motions for summary judgment under § 523(a)(5).