In re Terry L. WATERS, Debtor.

Shari Waters, n/k/a Shari Hyde, Plaintiff,

v.

Terry L. Waters, Defendant.

Bankruptcy No. 02–71524.

Adversary No. 02–7145.

United States Bankruptcy Court, C.D. Illinois.

April 17, 2003.

Gary L. Farha, Quincy, IL, for debtor.

Matthew A. Hutmacher, Quincy, IL, for creditor.

## OPINION

LARRY L. LESSEN, Bankruptcy Judge.

This matter is before the Court on the Plaintiff's Motion for Summary Judgment on Count I of her Complaint and the Defendant's Response thereto.

Plaintiff and Defendant were married on November 10, 1984. Two children were born to the parties—one in May, 1985; the other in September, 1988. The marriage was dissolved on February 9, 2000, by a Judgment of Dissolution of Marriage ("Judgment") entered in Adams County, Illinois. Physical custody of the children was awarded to Plaintiff with reasonable rights of visitation granted to Defendant. Paragraph C of the Judgment states as follows:

C. [Mr. Waters] hereby agrees to pay to [Mrs. Waters] the sum of $75.00 per week in child support commencing the date of this Judgment for Dissolution of Marriage and continuing until such time as the debt on the marital residence is reduced from the sale of the house across the street at which time child support will be increased to $125 per week. Said child support shall continue until the youngest child reaches age 18 or graduates from highschool [sic], whichever is the latter of the two.

Paragraph E of the Judgment provides in part as follows:

E. [Mrs. Waters] is hereby awarded the real property located at 801 W. Quincy, Pleasant Hill, Pike County, Illinois. [Mr. Waters] agrees to continue paying the indebtedness on the marital residence until such time as the debt is reduced to $18,000. At said time, [Mrs. Waters] agrees to assume and pay the remaining indebtedness thereafter.

Paragraph F of the Judgment provides as follows:

F. [Mr. Waters] is hereby awarded the real estate located at 802 W. Quincy, Pleasant Hill, Pike County, Illinois. Said real estate is current on the commercial real estate market for sale and at the time of the sale of the property, the net proceeds shall be applied to the outstanding indebtedness on the marital residence located at 801 W. Quincy, Pleasant Hill, Pike County, Illinois.

On April 8, 2002, Defendant filed his voluntary Chapter 7 petition in bankruptcy. On July 29, 2002, Plaintiff commenced this adversary proceeding with a two-count Complaint. Plaintiff seeks a determination that Defendant's debt to Plaintiff arising out of the Judgment is nondischargeable pursuant to 11 U.S.C. § 523(a)(5) [Count I] or 11 U.S.C. § 523(a)(15) [Count II].

Plaintiff and the parties' two children have continuously resided at 801 W. Quincy, Pleasant Hill, Pike County, Illinois, which is also referred to as the "marital residence" in the Judgment.[1] Defendant stopped making payments on the mortgage on the marital residence in October, 2001. Plaintiff has made all payments on the mortgage on the marital residence since October, 2001. Defendant sold the property located at 802 W. Quincy, Pleasant Hill, Pike County, Illinois—also known as "the house across the street" in the Judgment—but did not apply the proceeds, or any part thereof, from the sale against the mortgage on the marital residence. The current balance on the mortgage on the marital residence is in excess of $18,000.00.

In order to prevail on a motion for summary judgment, Plaintiff must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Rule 56(c) states in part as follows:

[T]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). *See also Dugan v. Smerwick Sewerage Co.,* 142 F.3d 398, 402 (7th Cir.1998). The primary purpose for granting a summary judgment motion is to avoid unnecessary trials when there is no genuine issue of material fact in dispute. *Trautvetter v. Quick,* 916 F.2d 1140, 1147 (7th Cir.1990). The burden is on the moving party to show that no genuine issue of material fact is in dispute. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585–86, 106 S.Ct. 1348, 89 L.Ed.2d 538; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). All reasonable inference drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Parkins v. Civil Constructors of Illinois, Inc.,* 163 F.3d 1027, 1032 (7th Cir.1998). "Summary judgment is not an appropriate occasion for weighing the evidence; rather the inquiry is limited to determining if there is a genuine issue for trial." *Lohorn v. Michal,* 913 F.2d 327, 331 (7th Cir.1990).

Section 523(a)(5) provides in relevant part as follows:

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse or child of the debtor for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record,

---

**1.** Paragraph 4 of Plaintiff's Affidavit contains a typographical error. Plaintiff states that she resides "at *802* W. Quincy, Pleasant Hill, Pike County, Illinois, which is also referred to as the 'marital residence' in the Judgment for Dissolution of Marriage." (emphasis added). All of the other pleadings and exhibits filed in this case refer to 801 W. Quincy as "the marital residence" and 802 W. Quincy as "the house across the street".

determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement. . . .

11 U.S.C. § 523(a)(5).

██ A debt owed to a former spouse or a debt to be paid to a third party in the nature of alimony, maintenance, or support pursuant to a divorce decree is nondischargeable in bankruptcy under 11 U.S.C. § 523(a)(5). *See In re Coil,* 680 F.2d 1170, 1171 (7th Cir.1982); *In re Maitlen,* 658 F.2d 466, 468 (7th Cir.1981); *In re Bradaric,* 142 B.R. 267, 269 (Bankr.N.D.Ill. 1992). Obligations that arise as part of the division of marital property, however, are dischargeable under that section. *Coil, supra,* 680 F.2d at 1171.

██ The determination of whether a debt is in the nature of alimony, maintenance, or support is a matter of federal bankruptcy law rather than state law. *In re Haas,* 129 B.R. 531, 536 (Bankr.N.D.Ill. 1989); *In re Seidel,* 48 B.R. 371, 373 (Bankr.C.D.Ill.1984). In making this determination, the Court must look to the substance of the obligation and not to labels imposed by state law. *See Maitlen, supra,* 658 F.2d at 468; *In re Cockhill,* 72 B.R. 339, 341 (Bankr.N.D.Ill.1987). The critical and principal inquiry is whether the intent of the divorce court and the parties was to provide support or divide marital property and debts. *In re Wright,* 184 B.R. 318, 321 (Bankr.N.D.Ill.1995).

██ In this case, and viewing the facts in a light most favorable to the Defendant, it is clear that the subject obligation is in the nature of a support obligation and is nondischargeable pursuant to 11 U.S.C. § 523(a)(5). It is patently obvious that the divorce court intended that the Defendant pay down the mortgage on the marital residence with the proceeds from the sale of "the house across the street" as additional support for the minor children. The Judgment awarded physical custody of the two minor children to the Plaintiff, so it is inferential that providing shelter to the children is in the nature of support. In addition, Paragraph C of the Judgment makes clear that Defendant's cash child support obligation was reduced until "the house across the street" could be sold and the sale proceeds applied to reduce the mortgage on the marital residence, thereby abrogating Defendant's responsibility to continue paying the indebtedness on the marital residence. It would be hard to conceive a clearer nexus between a child support obligation and an obligation to pay a mortgage payment.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment is granted and the subject debt is deemed nondischargeable pursuant to 11 U.S.C. § 523(a)(5).

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.