**In re Larry Earl WALDEN and Jeanette Elizabeth Walden, Debtors.**

**Sheryl Lee Anderson, Plaintiff,**

v.

**Larry Earl Walden, Defendant.**

**Bankruptcy No. 03–74950.**
**Adversary No. 03–7351.**

United States Bankruptcy Court, C.D. Illinois.

July 27, 2004.

Karl R. Niebuhr, Peoria, IL, for Debtors.

A. Clay Cox, Bloomington, IL, trustee.

## OPINION

LARRY L. LESSEN, Bankruptcy Judge.

This matter came before the Court for trial on June 11, 2004. The issue before

the Court is whether a debt owed to Plaintiff by Defendant is nondischargeable pursuant to either 11 U.S.C. § 523(a)(5) or 11 U.S.C. § 523(a)(15).

Sheryl Lee Anderson ("Plaintiff") and Larry Earl Walden ("Defendant") were married on December 1, 1962. During the marriage, the parties had two children—one born in 1963 and one born in 1964. Sometime relatively early in their marriage (the record isn't clear and the date doesn't matter), Plaintiff's parents gave Plaintiff and Defendant a six-acre tract of land which was adjacent to other family land. Plaintiff and Defendant mortgaged the land in order to purchase a trailer for their residence. That trailer was placed on the land and became the parties' marital home. Prior to the divorce, Defendant removed the trailer from the land and continued to live in it. On June 5, 1978, a Judgment for Dissolution of Marriage was entered in the Eleventh Judicial Circuit of McLean County, Illinois. The Judgment ordered the Defendant to pay child support of $75 per week. The Judgment also incorporated therein a Property Settlement Agreement signed by the parties. Pursuant to said Property Settlement Agreement, both parties waived maintenance. Defendant was awarded the trailer in which the parties lived and a truck, and Defendant was ordered to assume and hold the Plaintiff harmless on loans secured by the real estate, which was awarded to Plaintiff. One of said loans was a mortgage to Citizen's Savings and Loan ("Citizen's"). The Defendant failed to pay the loan to Citizen's and Citizen's foreclosed on their mortgage. In her unrebutted testimony, Plaintiff stated that she was unable to make the payments to Citizen's because she was barely making ends meet and that Defendant was not paying regular child support. Plaintiff's uncle, Rodger Bliss, purchased the property prior to a foreclosure sale. On November 25, 1981, a Judgment Order was entered in the dissolution of marriage proceedings awarding Plaintiff a judgment against the Defendant in the sum of $22,025.55. The Judgment Order was entered as a consequence of the Defendant's failure to hold Plaintiff harmless on the mortgage to Citizen's.

On November 19, 2001, Plaintiff filed a Motion to Revive the Judgment Order and an Order was subsequently entered reviving the Judgment Order. On November 18, 2002, a Wage Deduction Order was served upon the Defendant's employer ordering payment of the original Judgment in the amount of $22,025.55 plus court costs of $77.50 and statutory interest on the judgment in the amount of $39,646 for a total judgment of $61,749.05.

On October 27, 2003, the Defendant and his current wife filed a voluntary petition in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code. The Plaintiff was scheduled as an unsecured, non-priority creditor with a claim in the amount of $61,749.05.

On December 12, 2003, Plaintiff filed her adversary Complaint alleging the nondischargeability of the debt owed to her pursuant to 11 U.S.C. § 523(a)(5) and 11 U.S.C. § 523(a)(15).

Plaintiff first contends that Defendant's obligation to pay a the Citizen's debt and subsequent judgment and revived judgment should be deemed nondischargeable as alimony and/or maintenance.

Section 523(a)(5) provides in relevant part as follows:

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse or child of the debtor for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree

or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement. . . .

11 U.S.C. § 523(a)(5).

■ A debt owed to a former spouse or a debt to be paid to a third party in the nature of alimony, maintenance, or support pursuant to a divorce decree is nondischargeable in bankruptcy under 11 U.S.C. § 523(a)(5). *See In re Coil*, 680 F.2d 1170, 1171 (7th Cir.1982); *In re Maitlen*, 658 F.2d 466, 468 (7th Cir.1981); *In re Bradaric*, 142 B.R. 267, 269 (Bankr.N.D.Ill. 1992). Obligations that arise as part of the division of marital property, however, are dischargeable under that section. *Coil, supra*, 680 F.2d at 1171.

■ The determination of whether a debt is in the nature of alimony, maintenance, or support is a matter of federal bankruptcy law rather than state law. *In re Haas*, 129 B.R. 531, 536 (Bankr.N.D.Ill. 1989); *In re Seidel*, 48 B.R. 371, 373 (Bankr.C.D.Ill.1984). In making this determination, the Court must look to the substance of the obligation and not to labels imposed by state law. *See Maitlen, supra*, 658 F.2d at 468; *In re Cockhill*, 72 B.R. 339, 341 (Bankr.N.D.Ill.1987). The critical and principal inquiry is whether the intent of the divorce court and the parties was to provide support or divide marital property and debts. *In re Wright*, 184 B.R. 318, 321 (Bankr.N.D.Ill.1995).

■ In this case, it appears clear that the subject debt is in the nature of alimony, maintenance, or support. Although in their Marital Settlement Agreement both parties waived alimony, Plaintiff testified at trial that her waiver of alimony was agreed to by her only because the Defendant agreed to assume and pay the indebtedness on the real estate. This testimony was unrebutted. At the time of the divorce, the parties had grossly disparate employment income. Defendant earned $14,500 per year as a union electrician and could, according to Plaintiff, have earned much more if he had chosen to work more. Defendant, on the other hand, earned only $5,900 as a bus driver. As the custodial parent of two minor children, Plaintiff had limited employment opportunities. In the Marital Settlement Agreement, Plaintiff relinquished her rights in and to Defendant's pickup truck and the trailer which had previously served as the marital home of the parties. It is difficult to imagine how Defendant's payment of the Citizen's debt could *not* be considered in the nature of maintenance. Plaintiff lacked the income to provide a home for the parties' minor children. Defendant was awarded, by agreement, possession of the trailer which had previously been the family home. It is simply axiomatic that Defendant's payment of the Citizen's obligation was to have the purpose and effect of helping Plaintiff achieve the financial viability with which to feed, clothe, and house the parties' children.

■■ Even if the Court were incorrect in its conclusion that the subject debt is nondischargeable under 11 U.S.C. § 523(a)(5), the debt would be nondischargeable because the Plaintiff would prevail under 11 U.S.C. § 523(a)(15).

11 U.S.C. § 523(a)(15) provides in pertinent part as follows:

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record. . . unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor...; or

(B) discharging the debt would result in a benefit to the debtor that outweighs the detrimental consequences to the spouse, former spouse, or child of the debtor(.)

To prevail under § 523(a)(15), the debt in question must be other than the type set forth in § 523(a)(5), that was awarded by a court in the course of a divorce proceeding or separation. *In re Paneras,* 195 B.R. 395, 403 (Bankr.N.D.Ill.1996) *citing In re Silvers,* 187 B.R. 648, 649 (Bankr.W.D.Mo.1995). Once this is established (and it is not disputed in our case), the burden of proving that the debt falls within either of the two exceptions to non-dischargeability rests with the debtor. *In re Crosswhite,* 148 F.3d 879, 884–85 (7th Cir.1998). Hence, once the creditor's initial proof that the claim falls under § 523(a)(15) of the Bankruptcy Code is made, the debt is excepted from discharge and the debtor is responsible for the debt unless the debtor can prove either of the two exceptions, subpart (A), the "ability to pay" test, or (B), the "detriment" test. *Id.,* 148 F.3d at 885.

■ If the debtor can show the inability to pay the debt, the examination stops and the debtor prevails. The debt will remain dischargeable if paying the debt would reduce the debtor's income below that necessary for the support of the debtor and the debtor's dependents. *In re Hill,* 184 B.R. 750, 754 (Bankr.N.D.Ill.1995). However, if the debtor can afford to make the payment, either in a lump sum or in installments over time, then the inquiry proceeds to § 523(a)(15)(B) where the debtor has the burden to show that the benefit to the debtor from not having to pay the debt at issue is greater than the detrimental effects on the creditor—his spouse, former spouse, or child—who then must pay the debt. *In re Crosswhite, supra,* 148 F.3d at 885.

In this case, the Defendant did not appear at the trial. While there is some evidence as to the Defendant's "ability to pay" in the form of the bankruptcy schedules filed in this case, the Plaintiff was denied any opportunity to cross-examine the Defendant as to his income and expenses. In addition, the information contained in those schedules was approximately eight months old at the time of the trial. Hence, the Defendant did not meet his burden under 11 U.S.C. § 523(a)(15)(A).

As for herself, Plaintiff testified that she is 59 years of age, that she is in poor health and suffers from diabetes, high blood pressure, arthritis, and that she needs a cane to walk long distances. Although she is still employed as a bus driver, she testified that she will be unable to continue to do so once she goes on insulin, which she expects to happen soon. Given the absence of a record on the part of the Defendant, the Court could not find that he has met his burden of proof under the "balancing" test of 11 U.S.C. § 523(a)(15)(B).

To reiterate, the burden of proof has shifted to the Defendant under 11 U.S.C. § 523(a)(15) and the Defendant, in his absence, failed to meet that burden. Accordingly if, for whatever reason, the Court were incorrect, and the subject debt was dischargeable under 11 U.S.C. § 523(a)(5), it would be nondischargeable under 11 U.S.C. § 523(a)(15).

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to

Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

## ORDER

For the reasons set forth in an Opinion entered this day,

IT IS HEREBY ORDERED that the state court judgment in the amount of $61,749.05 in favor of Sheryl Lee Anderson and against Larry Earl Walden be and is hereby declared nondischargeable as to Defendant Larry Earl Walden.