In re Paul W. PATTIE, Debtor.

Paul W. PATTIE, Plaintiff,

v.

Thelma A. PATTIE, Defendant.

Bankruptcy No. 88–01486–8B7.
Adv. No. 88–00124–8P7.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 11, 1989.

Norman Davidson, Tampa, Fla., for plaintiff.

Arnold D. Levine, Tampa, Fla., for defendant.

Lynne England, Asst. U.S. Trustee, Tampa, Fla.

ORDER ON MOTION TO STRIKE AFFIRMATIVE DEFENSES, MOTION TO DISMISS AMENDED COUNTERCLAIM AND MOTION TO STRIKE

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matters under consideration are the following Motions: (1) Motion to Dismiss Amended Counterclaim, (2) Motion to Strike Affirmative Defenses and (3) Motion to Strike Counts I, II, III and IV of the Amended Counterclaim. The Motions were filed by Paul W. Pattie (Debtor), who filed the above-captioned adversary proceeding. In order to put the issues raised by the Motions in proper focus, it would be helpful to briefly summarize the procedural background of this adversary proceeding.

On March 17, 1988, the Debtor filed his Petition for Relief. The meeting of creditors scheduled pursuant to Section 341 of the Bankruptcy Code was concluded on April 19, 1988. The bar date fixed by the Court for filing complaints under Sections 523(c) or 727 was June 20, 1988.

On April 26, 1988, the Debtor filed a Complaint and sought a determination that a final judgment in the amount of $250,000 entered by the Circuit Court for the Sixth Judicial Circuit in and for Pasco County in favor of Thelma A. Pattie, the former wife of the Debtor, the Defendant/Counter–Plaintiff named in the adversary proceeding, should be declared not to be within the exception to discharge provided for by Section 523(a)(5) of the Bankruptcy Code.

On June 8, 1988, the Defendant/Counter–Plaintiff filed an answer to the com-

plaint. The answer was coupled with two affirmative defenses. In the first affirmative defense, the Defendant/Counter–Plaintiff asserted that the judgment entered in her favor in the state court represents a nondischargeable obligation. The second affirmative defense asserted that "the Debtor came before this Court with unclean hands in that he perpetrated fraud on the Defendant/Counter–Plaintiff and, therefore, he is not entitled to obtain the relief sought."

On August 23, 1988 the Defendant/Counter–Plaintiff filed a counterclaim, again coupled with affirmative defenses, a totally novel procedural approach clearly lacking any basis and support either in the Bankruptcy Rules or even in the Federal Rules of Civil Procedure. The counterclaim set forth four separate claims. The claim in Count I was based on Fla.Stat. §§ 812.014 and 772.11. These statutes deal with civil and criminal theft and could not form the basis for sustaining a claim of nondischargeability under any possible theory. The claim in Count II incorporates by reference the factual allegations set forth in paragraphs 1 through 29 of the general allegation based on the contention that the Debtor received money and property by actual fraud and, therefore, the debt should be declared to be nondischargeable pursuant to Section 523(a)(2) of the Bankruptcy Code. The claim in Count III alleges that the Debtor's actions described in Count I constituted "larceny, including civil theft, all contrary to Florida law" (sic) and, therefore, the debt should be declared to be nondischargeable pursuant to Section 523(a)(4) of the Bankruptcy Code. The claim in Count IV of the counterclaim is based upon Section 523(a)(5) and (6). The claim in this count is merely a restatement of the contention asserted in the original affirmative defenses, asserting that the judgment awarded to the Defendant/Counter–Plaintiff by the Circuit Court does in fact represent an obligation for alimony and maintenance of spouse and is therefore nondischargeable. Although this count also refers to Section 523(a)(6) of the Bankruptcy Code, there is nothing stated in this count which would support exception to the discharge under this subclause of Section 523(a) of the Bankruptcy Code.

On September 9, 1988, the Debtor filed a Motion to Dismiss and sought a dismissal of the counterclaim on the bases that it failed to state a cause of action and that it was "not timely filed pursuant to Bankruptcy Rule 7012 and Fed.R.Civ.P. 12(a) and (b)" (sic). No detailed discussion is needed to point out that neither Fed.R. Civ.P. 12(a) or (b) has anything to do with the time within which claims of nondischargeability based on Section 523(a)(2), (4) or (6) of the Bankruptcy Code must be filed. See Bankruptcy Rule 4007. In addition, the Motion filed by the Debtor also urges a dismissal on the basis that the claims set forth in the counterclaim are time-barred by virtue of Bankruptcy Rule 4007(c).

On October 27, 1988, 92 B.R. 521, this Court entered an Order on the Motion to Dismiss and ruled that the counterclaim filed by the Defendant/Counter–Plaintiff on August 23, 1988 was not filed within sixty (60) days from the date set for the meeting of creditors scheduled pursuant to Section 341 of the Bankruptcy Code and that, therefore, the counterclaims based on Section 523(a)(2), (4) and (6) were time-barred. In addition, the Court also held that none of the claims asserted in the five counts of the counterclaim stated viable claims which could possibly be an appropriate counterclaim to a complaint seeking a determination of dischargeability sought by the Debtor pursuant to Section 523(c) of the Bankruptcy Code. Based on the foregoing, the Court granted the Motion to Dismiss the Counterclaim and dismissed the counterclaim with prejudice and also struck the affirmative defenses.

On November 7, 1988, the Defendant/Counter–Plaintiff filed a Motion for Leave to Appeal the Order of October 27, 1988 and a Notice of Appeal. On December 20, 1988, the District Court granted the Motion and accepted the appeal. On appeal, the District Court concluded that the Answer and the Affirmative Defenses which were filed within the sixty days from the first date set for the meeting of credi-

tors included sufficient allegations to form the basis for an amendment. By applying the liberal rules governing amendments, the Court held that the Defendant/Counter–Plaintiff's claims set forth in the counterclaim could be amended and thus, the assertion of the claims were timely. However, the District Court also concluded that it was satisfied beyond doubt that the Defendant/Counter–Plaintiff could not possibly present any set of facts that would entitle the Defendant/Counter–Plaintiff to any relief, citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Based on the foregoing, the District Court reversed this Court's decision and remanded the adversary proceeding. It also granted leave to the Defendant/Counter–Plaintiff to amend her counterclaim.

Pursuant to the Order of Remand, this Court entered an Order on June 29, 1989, and granted the Defendant/Counter–Plaintiff fifteen (15) days from the date of the entry of the Order to file an Amended Counterclaim and rescheduled the pre-trial conference for August 4, 1989. On August 3, 1989, or eighteen (18) days after the expiration of the time fixed by the Court to file an Amended Counterclaim, the Defendant/Counter–Plaintiff again filed an Amended Counterclaim and affirmative defenses. It should be noted that the Order of June 29, 1989, merely granted leave to amend the counterclaim but was silent as to the Defendant/Counter–Plaintiff's right to file affirmative defenses.

The Amended Counterclaim, coupled with the affirmative defenses, is under attack again by the Debtor who promptly filed a Motion to Dismiss and a Motion to Strike the affirmative defenses. The Motion to Strike is addressed to the claims set forth in Counts I, II, III and IV and is based on the allegation that the claims set forth in these counts failed to state a viable cause of action based on Section 523(a)(2), (4), (5) and (6) of the Code. The Motion to Dismiss the Amended Counterclaim repeats and sets forth that the Amended Counterclaim fails to state a cause of action pursuant to Section 523(a)(2), (4) and (6). In addition, the Debtor also contends that the claims set forth in the Amended Counterclaim should be dismissed because it was not timely filed. The Motion to Strike the Affirmative Defenses is based on the contention of the Debtor that none of the so-called affirmative defenses are affirmative defenses within the meaning of the term as defined by and pursuant to Fed.R. Civ.P. 8(c) as adopted by Bankruptcy Rule 7008.

At the oral argument, counsel for the Debtor urged first that the claims set forth in the Amended Counterclaim are identical to the claims set forth in the original counterclaim which this Court previously dismissed. The claims were dismissed on the ground that they failed to assert a viable cause of action based on Section 523(a)(2), (4) or (6); and that finding was affirmed by the District Court on appeal. According to the Debtor, the ruling by this Court on the viability of the claims set forth in the Amended Counterclaim and coupled with the District Court's Order on Appeal represents the law of this adversary proceeding, therefore, the viability of the claims set forth in the Amended Counterclaim can no longer be litigated. In this connection it should be noted, however, that the District Court granted leave to the Defendant/Counter–Plaintiff to amend her counterclaim once again in an attempt to state valid claims.

In addition, it is the contention of the Debtor that in any event the claims set forth in the Amended Counterclaim filed on August 3, 1989 by the Defendant/Counter–Plaintiff should be dismissed for the same reason the previous counterclaim was dismissed. That is, none of the counts set forth in the counterclaim are viable claims for which relief could be granted even if the facts set forth are ultimately proven, even disregarding the fact that the Amended Counterclaim was filed untimely.

In opposition of the Motion to Dismiss, counsel for the Defendant/Counter–Plaintiff contends first that the references to the viability of the claims in the original counterclaim by this Court and by the District Court were merely dicta and that the counterclaim was dismissed solely because

this Court concluded it was time-barred, which decision was reversed by the District Court. Moreover, the statement by the District Court on the viability of the claims set forth in the counterclaim was also merely dicta and the only issue argued and decided on appeal was the timeliness of the counterclaim.

■■■ Concerning the contention of the Debtor that the Amended Counterclaim filed on August 3, 1989 was untimely, counsel for the Defendant/Counter–Plaintiff concedes, as he must, that the counterclaim was not filed within the fifteen (15) days provided for by the Order of this Court entered on June 29, 1989. However, counsel argues that this non-compliance is without significance and is not a basis for dismissal unless the Debtor is able to show prejudice caused by the delay or unless the Court finds repeated and egregious wanton disregard of Orders of this Court or unless the conduct of counsel for the Defendant/Counter–Plaintiff reveals a pattern of dilatory tactics and unjustified delays.

Concerning the claim of untimeliness of the filing of the counterclaim first, this Court is constrained to reject the proposition urged by counsel for the Defendant/Counter–Plaintiff that litigants may willy-nilly disregard court orders, without suffering any adverse consequences, and that it is the burden of the other party to the litigation to establish detriment caused by the delay before any sanction can be imposed on counsel for disregarding orders of Court. Notwithstanding the foregoing, it would not be appropriate under the circumstances and the background of this adversary proceeding to dismiss the Amended Counterclaim on the ground of untimeliness.

The alternative grounds for dismissal urged by counsel for the Debtor is that this Court's original order which dismissed the counterclaim represents the law of this adversary proceeding and the validity of the claims set forth in the counterclaim can no longer be relitigated, especially in light of the fact that the District Court reaffirmed and adopted this Court's conclusions. Since the claims set forth in the Amended Counterclaim are basically identical with the claims set forth in the original counterclaim, all of which were already found to be defective, the entire counterclaim should be dismissed with prejudice, according to the Debtor.

■■ As noted earlier, the original counterclaim set forth several claims in four counts. The claim in Count I was based on Fla.Stat. §§ 812.014 and 772.11. It did not state any specific relief sought based on these statutes. The claim in Count II was based on Section 523(a)(2) of the Code; the claim in Count III based on Section 523(a)(4); and, the claim in Count IV was based on Section 523(a)(5) and (6) of the Bankruptcy Code.

The Amended Counterclaim filed on August 3, 1989 also consists of four counts. The claim set forth in Count I of the Amended Counterclaim states that it is based upon Section 523(a) and seeks a determination that the debt owed to the Defendant/Counter–Plaintiff is not dischargeable. However, it is impossible to determine from reading the claim in Count I precisely the grounds upon which the Defendant/Counter–Plaintiff seeks relief although the Count charges that the Debtor was "guilty of fraud, collusion and guile", and "rendered said judgment uncollectible and unable to be satisfied" (sic), none of which, even if established by competent proof, could form the basis to sustain a claim of nondischargeability. In Count II of the Amended Counterclaim, the Defendant/Counter–Plaintiff alleges that the debt owed by the Debtor to her is nondischargeable pursuant to Section 523(a)(2) in that the Debtor received money and property of the Defendant/Counter–Plaintiff by actual fraud. The claim in Count III is based upon Section 523(a)(4) and alleges that the Debtor's actions constituted "larceny and/or civil theft, all contrary to Florida law" (sic), and, therefore, should be nondischargeable pursuant to Section 523(a)(4). Finally, the claim in Count IV of the Amended Counterclaim is ostensibly based upon Section 523(a)(5) and (6) of the Bankruptcy Code. The thrust of Count IV appears to be nothing more than a denial of

the Debtor's claim in chief and asserts that the debt owed by the Debtor to the Plaintiff based on a judgment entered by the Circuit Court against the Debtor should be declared to be nondischargeable by virtue of Section 523(a)(5) of the Bankruptcy Code inasmuch as the obligation represented by the judgment represents alimony, maintenance or support of spouse. It should also be noted that despite the reference to Section 523(a)(6), just as in the original counterclaim, there is nothing in this Count which even remotely intimates any of the operating elements of a claim of nondischargeability under Section 523(a)(6).

There is hardly any doubt that the claims set forth in Counts I through IV of the Amended Counterclaim are essentially identical to the claims set forth in the original counterclaim filed by the Defendant/Counter–Plaintiff, all of which have been found to be legally defective. From this it follows that all of these claims are equally defective, thus, subject to dismissal.

■ Assuming, without conceding that the previous ruling on the viability of these claims by this Court and by the District Court should not bar the claims set forth in the Amended Counterclaim, there is an additional reason to dismiss the claims based on Section 523(a)(4). This claim is based on the contention that the Plaintiff was guilty of "larceny and/or civil theft, all contrary to Florida law" and, therefore, the debt should be determined to be nondischargeable pursuant to Section 523(a)(4) of the Bankruptcy Code. There is no allegation in this count that the Debtor was guilty of defalcation while acting in a fiduciary capacity. Notwithstanding the fact that Count III contains no allegations charging that the Debtor was guilty of defalcation while in a fiduciary capacity, the Defendant/Counter–Plaintiff argues the claims based on this provision of Section 523(a)(4). In order to avoid any further discussion of this basis for a claim of nondischargeability, this Court will treat the claim set forth in Count III if it contains sufficient factual allegations under § 523(a)(4).

This Court is satisfied that under the facts of this case as appear from the record, the Defendant/Counter–Plaintiff could not plead a viable claim under Section 523(a)(4). This conclusion is based on the following: The definition of a fiduciary relationship for purposes of dischargeability has been discussed at great length over many years by federal courts. The Bankruptcy Act of 1841 contained a provision similar to Section 523(a)(4) and its successor, Section 17(a)(4) of the Bankruptcy Act of 1898. In considering this exception to discharge, as early as in 1844, the United States Supreme Court held that, for dischargeability purposes, the fiduciary relationship must arise from "technical trusts and not those which the law implies from a contract." *Chapman v. Forsyth*, 43 U.S. 202, 11 L.Ed. 236 (1844). The Supreme Court further defined the parameters of the concept of fiduciary when it held that the technical trust as required by *Chapman* must exist prior to the act creating the debt and without reference to that act. *See Upshur v. Briscoe*, 138 U.S. 365, 378, 11 S.Ct. 313, 317, 34 L.Ed. 931 (1890). Justice Cardozo further clarified the standard stating:

> It is not enough that by the very act of wrongdoing out of which the contested debt arose, the bankrupt has become chargeable as a trustee ex-maleficio. He must have been trustee before the wrong and without reference thereto.

*Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934).

Concerning this question, the Courts have consistently held, under both the Bankruptcy Act and the Bankruptcy Code, that to be a fiduciary for purposes of dischargeability, the debtor must be a trustee either under an express or a technical trust, ex contractu, rather than a trust imposed ex-maleficio. *See In re Teichman*, 774 F.2d 1395 (9th Cir.1985); *In re Johnson*, 691 F.2d 249 (6th Cir.1982); *In re Pedrazzini*, 644 F.2d 756 (9th Cir.1981); *In re Angelle*, 610 F.2d 1335 (5th Cir.1980); *In re Romero*, 535 F.2d 618 (10th Cir.1976); *In re Dloogoff*, 600 F.2d 166 (8th Cir.1979). The distinction between an expressed trust and a trust imposed ex-maleficio is that an

express trust comes into existence prior to the actual wrongdoing, whereas the trust imposed ex-maleficio springs into existence from the very act of wrongdoing and is applied constructively as a remedy for prevention of unjust enrichment. *In re Angelle, supra.* .

The determination of whether a fiduciary relationship exists between a debtor as a trustee and a creditor as a beneficiary is controlled exclusively by federal law. *In re Angelle, supra,* at 1341. In the case of *In re Eichelberger,* 100 B.R. 861 (Bankr.S.D.Tex.1989), the bankruptcy court held that the divorce decree which specifically designated the debtor as trustee with respect to the spouse's community property interest and which specifically set forth fiduciary duties to be performed by the debtor, established a trust relationship. Therefore, in that case, any violation of any provision of the divorce decree was considered to be a nondischargeable debt based on defalcation by a fiduciary pursuant to § 523(a)(4). That is not what is plead here. In the present instance as far as it appears, the divorce decree did not designate the Debtor as trustee and did not establish an express or technical trust which existed prior to any alleged breach of fiduciary duty. There is no allegation in the Amended Counterclaim that an express trust existed prior to any alleged defalcation or any breach of any duty on the part of the Debtor. For this reason, the Defendant/Counter–Plaintiff cannot establish a viable claim under Section 523(a)(4) of the Bankruptcy Code under any set of facts. Moreover, it is also well established as a general rule, that the exception to discharge in Section 523(a)(4) has no application to controversies relating to property settlement agreements arising out of a divorce proceeding. *In re Teichman, supra,* at 1400. *In re Wheeler,* 101 B.R. 39 (Bankr.N.D.Ind.1989).

Based on the foregoing, this Court is satisfied that neither Counts I, II, nor IV allege grounds upon which relief may be granted, and it is appropriate to strike each of these Counts. In addition, this Court is satisfied that neither of these affirmative defenses set forth and denoted as affirmative defenses are, in fact, affirmative defenses and, therefore, it is appropriate to strike the same.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss Amended Counterclaim be, and the same is hereby, granted as to Counts I, II and IV, and denied as to Count III. It is further

ORDERED, ADJUDGED AND DECREED that Counts I, II and IV of the Amended Counterclaim be, and the same is hereby, dismissed with prejudice. It is further

ORDERED, ADJUDGED AND DECREED that the affirmative defenses be, and the same is hereby, stricken. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss Count III of the Amended Counterclaim be, and the same is hereby, denied.

DONE AND ORDERED.