In re Trenton J. REICHARDT and Diana Louise Reichardt, Debtors.

Cynthia DeLehman, Plaintiff,

v.

Trenton J. Reichardt, Defendant.

Bankruptcy No. 8:04–bk–22184–PMG.
Adversary No. 8:05–ap–65–PMG.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

June 16, 2006.

---

Cynthia DeLehman, Brandon, FL, Pro se.

Trenton J. Reichardt, Tarpon Springs, FL, Pro se.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND MEMORANDUM OPINION

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for a final evidentiary hearing in the above-captioned adversary proceeding.

The Plaintiff, Cynthia DeLehman, commenced this proceeding by filing a Complaint to determine that a debt owed to her by the Debtor, Trenton J. Reichardt, is nondischargeable pursuant to § 523(a)(6) of the Bankruptcy Code. The debt is evidenced by a Final Money Judgment entered against the Debtor in the parties' dissolution of marriage action.

In response, the Debtor acknowledges that the Final Money Judgment was entered, but contends that the debt is not a debt "for willful and malicious injury" within the meaning of § 523(a)(6).

### Background

The Plaintiff and the Debtor were married on October 21, 1997.

During their marriage, the Plaintiff and the Debtor acquired a home located at 1925 Sedgefield Street, Brandon, Florida.

In June or July of 2001, the Debtor moved out of the Sedgefield Street home.

On August 10, 2001, the Debtor filed a dissolution of marriage proceeding in the Circuit Court for Hillsborough County, Florida, Case No. 01–DR–11307.

On October 23, 2001, a Quitclaim Deed was recorded in the public records of Hillsborough County, Florida, pursuant to which the Debtor quitclaimed his interest in the Sedgefield Street home to the Plaintiff.

On February 22, 2002, and February 24, 2002, the Debtor entered the Sedgefield Street home and removed certain items of personal property.

More than one year later, on March 6, 2003, a Final Judgment of Dissolution of Marriage was entered by the State Court in the parties' divorce action. In the Final Judgment, the State Court dissolved the marriage on the basis that it was irretrievably broken. With respect to the equitable distribution of marital assets and liabilities, the Final Judgment of Dissolution of Marriage provided, among other terms, that:

1. The Plaintiff and the Debtor had acquired a 1994 Yamaha Motorcycle and motorcycle trailer during their marriage. The Debtor sold the motorcycle and trailer for the sum of $3,700.00. Consequently, the Plaintiff was entitled to receive $1,850.00, or one-half of the value of the marital property, from the Debtor. (Paragraph 2.A.(3)).

2. The Plaintiff and the Debtor had acquired a big screen television during their marriage. The Debtor sold the television for the sum of $500.00. Consequently, the Plaintiff was entitled to receive $250.00, or one-half the value of the marital asset, from the Debtor. (Paragraph 2.A.(4)).

3. The Plaintiff and the Debtor had acquired a remote-controlled miniature race car during their marriage. The Debtor sold the miniature race car for the sum of $500.00. Consequently, the Plaintiff was entitled to receive $250.00, or one-half the value of the marital asset, from the Debtor. (Paragraph 2.A.(5)).

4. The Plaintiff and the Debtor had acquired a 2000 Volkswagen GIT GLX Hatchback during their marriage. The Volkswagen was awarded to the Debtor. Consequently, the Plaintiff was entitled to receive the sum of $9,250.00, or one-half the value of the vehicle, from the Debtor. (Paragraph 2.A.(7)).

5. The Plaintiff and the Debtor had acquired a joint bank account at First Union during their marriage. The Debtor withdrew the sum of $675.82 from the account. Consequently, the Plaintiff was entitled to receive $337.91, or one-half of the amount withdrawn, from the Debtor. (Paragraph 2.A.(11)).

In the Final Judgment of Dissolution of Marriage, the State Court also addressed the incidents in February of 2002, in which the Debtor entered the Sedgefield Street home and removed certain items of personal property. Generally, the State Court considered the Plaintiff's testimony that the Debtor had removed her passport, birth certificate, and other personal papers from the home, and ordered the Debtor to return those documents to the Plaintiff. The State Court also considered the Plaintiff's testimony that all of her jewelry was removed, but found that no evidence was presented regarding the specific items of jewelry at issue. Accordingly, the State Court was unable to determine whether the jewelry constituted marital property, and was also unable to determine the method by which the jewelry should valued. Accordingly, the State Court reserved jurisdiction to distribute the assets at a later date. (Final Judgment of Dissolution of Marriage, Paragraph 2.A.(8)).

On September 26, 2003, six months after the entry of the Final Judgment of Dissolution of Marriage, a Report and Recommendation of General Master was entered in the divorce action. The case was before the State Court at that time on a Motion for Contempt filed by the Plaintiff. In the Report and Recommendation, the General Master found:

1. Former Husband testified that he had not paid Former Wife the amounts due to Former Wife pursuant to para-

graphs # 7 and # 11 of the Final Judgment [of Dissolution of Marriage]. He also testified that he did not have [the] financial ability to pay the amounts due to Former Wife.

2. Former Husband testified that he sold the motorcycle and trailer, the big screen TV and remote control car referenced in paragraph # 3, # 4 and # 5 of the Final Judgment.

3. Former Husband owes Former Wife $11,937.91 for these items. Former Wife is entitled to a money judgment for that amount which shall accrue statutory interest.

(Report and Recommendation of General Master, p. 1). The amounts due to the Plaintiff pursuant to paragraphs 3, 4, 5, 7 and 11 of the Final Judgment of Dissolution of Marriage, as referenced in the Report and Recommendation, are the amounts that represented the Plaintiff's equitable share of the motorcycle and trailer, the big screen television, the miniature race car, the Volkswagen, and the First Union bank account.

The General Master recommended that the State Court enter an Order confirming her findings "if no exceptions are filed within ten (10) days of service of this Report." The Report was served on the Plaintiff and the Debtor on September 26, 2003.

Pursuant to the Report and Recommendation of the General Master, a Final Money Judgment was entered against the Debtor in the divorce action on October 15, 2003. The Final Money Judgment provides in its entirety:

**THIS CAUSE** having come before the Court upon the Report and Recommendation of the General Master, and the Court having found the amount referred to in paragraph one below represents an obligation owed by Former Husband to Former Wife and the Court being otherwise advised in the premises it is hereby

**ORDERED AND ADJUDGED** that:

1. Former Wife, Cynthia Reichardt shall recover from Former Husband, Trenton J. Reichardt the sum of $11,937.91 for which let execution issue.

2. Interest upon said sum shall accrue at the rate of 6% per annum.

(Final Money Judgment dated October 15, 2003, Case No. 01–11307).

The Debtor filed his petition under Chapter 7 of the Bankruptcy Code on November 16, 2004.

### Discussion

On February 9, 2005, the Plaintiff filed the Complaint that commenced this adversary proceeding. In the Complaint, the Plaintiff alleges that the debt evidenced by the Final Money Judgment is nondischargeable pursuant to § 523(a)(6) of the Bankruptcy Code "due to Defendant's willful and malicious act."

### A. The statute

Section 523(a)(6) of the Bankruptcy Code provides:

**11 U.S.C. § 523. Exceptions to discharge**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

. . .

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(6).

■■■ "The exception of a debt from discharge pursuant to § 523(a)(6) requires a plaintiff to establish by a preponderance of the evidence the debtor deliberately and intentionally injured the creditor or credi-

tor's property by a willful and malicious act." *In re Maxwell,* 334 B.R. 736, 743 (Bankr.M.D.Fla.2005). "Willfulness and malice are not identical for debt dischargeability purposes. 'Willfulness' implies intentional behavior, while 'malice' connotes malevolent purpose for action." *In re Howard,* 261 B.R. 513, 520 (Bankr. M.D.Fla.2001). "A plaintiff's burden of proof in a § 523(a)(6) action is significant." *In re Maxwell,* 334 B.R. at 743.

## B. The specific request

In this case, the Plaintiff has consistently directed her request under § 523(a)(6) to the debt evidenced by the Final Money Judgment entered on October 15, 2003.

In the Complaint, for example, the Plaintiff alleged that the Final Money Judgment was entered on October 15, 2003, in the amount of $11,937.91, and that she is seeking a determination that "this" debt is not dischargeable under § 523(a)(6). (Doc. 1).

Additionally, in the Joint Pretrial Statement, which was signed by both parties, the Plaintiff asserted that she is "seeking that the Final Money Judgment that was entered in the sum of $11,937.91 that was ordered for the Defendant to pay the Plaintiff be determined to be a non-dischargeable debt pursuant to 11 U.S.C. 523(a)(6), due to the Defendant's willful and malicious acts." (Doc. 27).

Finally, at the final evidentiary hearing in this proceeding, the Plaintiff stated that she was "seeking the final money judgment that was entered in the sum of $11,937.91, ordered for the Defendant to pay myself, be determined to be a nondischargeable debt pursuant to 11 U.S.C. 523(a)(6) due to the Defendant's willful and malicious acts." (Transcript, p. 9).

Based on the Plaintiff's specific request, therefore, the sole issue in this case is whether the debt evidenced by the Final Money Judgment entered on October 15, 2003, is nondischargeable under § 523(a)(6) of the Bankruptcy Code.

## C. Application

██ The Court finds that the Plaintiff has not satisfied the burden of proving that the debt evidenced by the Final Money Judgment is based on a "willful and malicious injury" by the Debtor to the Plaintiff or the Plaintiff's property.

The amount set forth in the Final Money Judgment is predicated directly on the equitable distribution of marital assets that was ordered by the State Court in the Final Judgment of Dissolution of Marriage.

In the Final Judgment of Dissolution of Marriage, the State Court found that the Debtor owed the Plaintiff the sum of $1,850.00 as her share of a motorcycle and trailer owned as marital property, the sum of $250.00 as her share of a big screen television owned as a marital asset, the sum of $250.00 as her share of a miniature race car owned as a marital asset, the sum of $9,250.00 as her share of a Volkswagen GIT GLX Hatchback owned as a marital asset, and the sum of $337.91 as her share of a joint bank account owned as a marital asset.

According to the Final Judgment of Dissolution of Marriage, therefore, the Plaintiff's share of the motorcycle and trailer, television, race car, Volkswagen, and bank account totaled the sum of $11,937.91. ($1,850.00 + $250.00 + $250.00 + $9,250.00 + $337.91 = $11,937.91). This amount was awarded to the Plaintiff to achieve the equitable distribution of the parties' marital property.

Approximately six months after the entry of the Final Judgment of Dissolution of Marriage, the General Master issued a

Report and Recommendation in the divorce action. The General Master found that (1) the Debtor had not paid the amounts owed for the motorcycle and trailer, the television, the race car, the Volkswagen, and the bank account; (2) that the Debtor testified that he was financially unable to pay the amounts owed; and (3) that the Debtor owed the Plaintiff the sum of $11,937.91 "for these items."

The General Master did not find that the Debtor had engaged in any wrongful conduct or that he had willfully and maliciously injured any property of the Plaintiff.

The Final Money Judgment that is at issue in this case was entered approximately two weeks after the issuance of the Report and Recommendation, and simply implemented the finding of the General Master that the Debtor owed the Plaintiff the sum of $11,937.91 as her equitable share of the designated marital assets.

The amount of the Final Money Judgment is the exact amount awarded to the Plaintiff as her equitable share of the motorcycle and trailer, the television, the race car, the Volkswagen, and the bank account. The Final Money Judgment does not include any additional amounts for other assets or disputed items, and does not contain any finding of wrongdoing by the Debtor.

Based on the foregoing, the Court concludes that the Final Money Judgment was intended only to enforce the State Court's equitable distribution of the parties' marital assets, as originally set forth in the Final Judgment of Dissolution of Marriage. The State Court has never found that the Debtor acted improperly with respect to the marital assets that form the basis for the Judgment.

The Plaintiff did not establish that the Final Money Judgment is based on a "willful and malicious injury" by the Debtor to the Plaintiff or the Plaintiff's property. *In re Petty*, 333 B.R. 472, 481 (Bankr. M.D.Fla.2005)(A debtor's obligation to pay his former spouse an award based on the sale of a marital asset was not excepted from discharge under § 523(a)(6)); *In re Wright*, 184 B.R. 318, 324 (Bankr.N.D.Ill. 1995)(A debt created by a Dissolution Judgment based on a former spouse's dissipation of marital assets is not a debt for "willful and malicious injury" within the meaning of § 523(a)(6)).

Accordingly, the debt evidenced by the Final Money Judgment is not nondischargeable pursuant to § 523(a)(6) of the Bankruptcy Code.

### D. The February 2002 incidents

The evidence presented at trial was devoted almost entirely to the incidents that occurred on February 22 and February 24, 2002, when the Debtor admittedly entered the home on Sedgefield Street and removed certain furnishings and other items of personal property. The Plaintiff submitted seventeen photographs into evidence, for example, to support her position that the Debtor caused significant damage to the home at the time that the personal property was removed.

The State Court addressed the incidents in the Final Judgment of Dissolution of Marriage, but did not refer to the condition of the home or the damage claimed by the Plaintiff. (Paragraph 2.A.(8)). The State Court awarded the Sedgefield Street home to the Plaintiff, without any adjustment or credit for the estimated cost to repair the damage caused during the incidents. (Paragraph 2.A.(1)).

Further, at the time that it entered the Final Judgment of Dissolution of Marriage, the State Court was unable to determine whether certain of the personal property that the Plaintiff asserts was removed

by the Debtor (such as the Plaintiff's jewelry) was marital property. The State Court therefore reserved jurisdiction to distribute the property, and directed the parties to submit lists setting forth a description of the assets at issue and the value attributed to each item.

The record in this Court does not contain any further orders by the State Court regarding the incidents that occurred in February of 2002. The parties appear to acknowledge, however, that the Debtor ultimately returned the jewelry and certain other disputed items to the Plaintiff. (Transcript, pp. 39, 187).

Despite the focus of the evidence at trial, the circumstances surrounding the Debtor's entry into the Sedgefield Street home in February of 2002 are not directly relevant to this case. As set forth above, the sole issue for decision, as framed by the Plaintiff, is whether the Final Money Judgment entered on October 15, 2003, constitutes a debt for "willful and malicious injury" within the meaning of § 523(a)(6) of the Bankruptcy Code.

The Final Money Judgment entered on October 15, 2003, was not based on the damage or personal property involved in the incidents that occurred in February of 2002. As shown above, the Final Money Judgment was entered to enforce the Court's equitable distribution of designated marital assets in connection with the Final Judgment of Dissolution of Marriage.

It was not shown that the incidents that occurred in February of 2002 were related to the Final Money Judgment. Further, it was not shown that the Final Money Judgment otherwise arose from malicious conduct on the part of the Debtor. Consequently, the debt evidenced by the Final Money Judgment is not nondischargeable pursuant to § 523(a)(6) of the Bankruptcy Code.

Accordingly:

**IT IS ORDERED** that:

1. Final Judgment should be entered in favor of the Debtor, Trenton J. Reichardt, and against the Plaintiff, Cynthia DeLehman, in this adversary proceeding.

2. The debt evidenced by the Final Money Judgment entered on October 15, 2003, by the Circuit Court of Hillsborough County, Florida, in the case styled *In the Matter of Trenton J. Reichardt, Petitioner, and Cynthia Reichardt, Respondent,* Case No. 01–11307, is not excepted from discharge pursuant to § 523(a)(6) of the Bankruptcy Code.

3. A separate Final Judgment will be entered consistent with this Opinion.