In re Edward Dalgo DOUGLAS, Debtor.

Bobbie Jean DOUGLAS, Plaintiff,

v.

Edward Dalgo DOUGLAS, Defendant.

Lynn M. TRAVIS, Plaintiff,

v.

Edward Dalgo DOUGLAS, Defendant.

Bankruptcy No. 96–30218.
Adv. Nos. 96–3100, 96–3102.

United States Bankruptcy Court,
S.D. Illinois.

Nov. 4, 1996.

Donald E. Groshong, Alton, IL, for debtor.

Gail Bader, Alton, IL, for Bobbie Douglas.

Lynn M. Travis, Alton, IL.

### *OPINION*

LARRY L. LESSEN, Bankruptcy Judge.

The matters before the Court concern the dischargeability of several debts which arose in the context of Debtor's divorce proceedings.

Edward Dalgo Douglas ("Mr. Douglas" or "Debtor") and Bobbie Jean Douglas ("Ms. Douglas") were married in 1980 and separated in 1991, at which time divorce proceedings were commenced. The divorce decree was entered on August 30, 1995, after four years of contentious litigation. Custody of the parties' minor child, Christopher Edward Douglas, was awarded jointly to the parties, with primary physical custody with Mr. Douglas. In addition, Mr. Douglas was ordered to pay Ms. Douglas $400 per month maintenance for a period of three years commencing September, 1995.

The divorce court found the marital home to be non-marital property belonging to Mr. Douglas, but that the net equity in the home increased during the marriage by $24,760.36. Hence, the divorce court ordered Mr. Douglas to pay Ms. Douglas one half of that amount, or $12,380.18. In addition, the divorce court found that a 1.62 acre tract of real estate adjoining the marital home with a

value of $4,500 was a marital asset. The divorce court awarded the real estate to Mr. Douglas, but ordered him to pay Ms. Douglas $2,500 as her share of the marital asset. Mr. Douglas was ordered to pay the aggregate of $12,380.18 and $2,500, or $14,880.18, within 90 days from the date of the divorce decree, whereupon Ms. Douglas would quitclaim to Mr. Douglas any interests she had in those pieces of property.

Mr. Douglas was also ordered to pay $7,000 of Ms. Douglas' attorney fees. Specifically, Mr. Douglas was ordered to pay $2,401.54 to Ms. Douglas' attorney within 30 days, an amount for which Ms. Douglas would remain secondarily liable, and for which she would have a right to reimbursement from Mr. Douglas for all or any portion of that amount which she in fact paid. In addition, Mr. Douglas was ordered to reimburse Ms. Douglas $4,598.46 for attorney fees which she had already paid. Mr. Douglas was also ordered to pay his own attorney fees, which ultimately became a judgment in favor of his attorney and against Mr. Douglas in the amount of $6,457.92. Finally, Mr. Douglas was ordered to pay $3,853.50 to Lynn Travis, an attorney appointed by the divorce court to serve as Guardian ad Litem for the minor son of the parties. A judgment in favor of Ms. Travis against Mr. Douglas was ultimately entered by the divorce court.

Mr. Douglas filed bankruptcy in January, 1996, without having paid any of the debts referred to above. Ms. Douglas filed her adversary complaint herein alleging that the obligations of Debtor to her enumerated above are nondischargeable. Specifically, Ms. Douglas alleges that the attorney fees which Debtor was ordered to pay to Ms. Douglas' attorney and to her as well as the fees Debtor was ordered to pay to Ms. Travis are nondischargeable pursuant to 11 U.S.C. § 523(a)(5). In addition, Ms. Douglas alleges that the marital property division payments totalling $14,880.14 awarded her as her share of the increased equity in the marital home and the adjacent 1.62 acre tract are nondischargeable pursuant to 11 U.S.C. § 523(a)(15).

Ms. Travis also filed an adversary complaint herein alleging that her fees of $3,853.50 which the divorce court ordered be paid by Debtor are nondischargeable pursuant to 11 U.S.C. § 523(a)(5) and/or 11 U.S.C. § 523(a)(15).

A consolidated trial was held in this matter on September 17, 1996, at which Debtor was present with counsel. Ms. Travis was also present and represented herself. Ms. Douglas did not appear in person, but was represented by counsel. At the conclusion of the trial, the matters were taken under advisement.

■ With respect to her complaint, it is clear that Ms. Travis does not have standing to raise an exception to discharge under either § 523(a)(5) or § 523(a)(15) of the Bankruptcy Code. Nondischargeability under § 523(a)(5) can be asserted only by the other party to the divorce or separation. *In re MacDonald,* 69 B.R. 259, 278 (Bankr.D.N.J. 1986); *In re Smither,* 194 B.R. 102, 120 (Bankr.W.D.Ky.1996) (if debtor agrees to pay marital debts owed to third parties, those third parties lack standing to assert this exception, since these are pre-petition debts. It is only the obligation owed to the former spouse—an obligation to hold the former spouse harmless—which is within the scope of this section.) The same is true with regard to complaints brought under § 523(a)(15). *In re Campbell,* 198 B.R. 467, 472 (Bankr.D.S.C.1996); *In re Dressler,* 194 B.R. 290, 304 n. 33 (Bankr.D.R.I.1996); *In re Finaly,* 190 B.R. 312, 315 (Bankr.S.D.Ohio 1995). It is only the obligation owed to the spouse or former spouse, an obligation to hold the spouse or former spouse harmless, which is within the scope of this section. *Campbell,* 198 B.R. at 472 *citing* 140 Cong. Rec. H10752, H10770 (daily ed. Oct. 4, 1994) (statement of Chairman Brooks). Accordingly, the relief prayed for by Ms. Travis in her complaint must be denied.

■ As for Ms. Douglas' complaint, Ms. Douglas alleges that the $7,000 in attorneys fees and the $3,853.50 in GAL fees are non-

dischargeable pursuant to 11 U.S.C. § 523(a)(5) and that her $14,880.14 property award is nondischargeable pursuant to 11 U.S.C. § 523(a)(15).

11 U.S.C. § 523(a)(5) provides as follows:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record ...(.)

■ A debt owed to a former spouse or a debt to be paid to a third party in the nature of alimony, maintenance or support pursuant to a divorce decree is nondischargeable in bankruptcy under § 523(a)(5). In determining whether an obligation is a liability for support, the Court must look to the substance of the obligation and not to labels imposed by state law. *In re Woods*, 561 F.2d 27, 29 (7th Cir.1977); *In re Maitlen*, 658 F.2d 466, 468 (7th Cir.1981).

In determining whether a debt is in the nature of support or maintenance versus a property division, courts have looked to the following factors:

1. whether the obligation terminates upon the death or remarriage of either spouse (termination of the obligation indicates the obligation was for support);

2. whether the obligation is payable in a lump sum or in installments over a period of time (obligation spread over time indicates the obligation was for support);

3. whether the payments attempt to balance the parties' income (payment to balance income indicate the payments were for support);

4. the characterization of the obligation in the decree (obligations described as

support indicate the obligation was for support);

5. the placement of the obligation in the decree (obligations under the heading support indicate the obligation was for support);

6. whether there is any mention of support payments (separate mention of support payments indicates the obligation is not for support);

7. whether there are children who need support (if children are of the age when support is required, this indicates the payments may be for support); and

8. whether the obligation was thought to be taxable to the recipient (payment thought to be taxable indicate the payments were for support).

*In re Grynevich*, 1994 WL 263489, pp. 18–19 (Bankr.N.D.Ill.1994) *citing In re Woods*, 561 F.2d at 29; *Maitlen*, 658 F.2d at 468; *In re Coil*, 680 F.2d 1170, 1172 (7th Cir.1982); *In re Seidel*, 48 B.R. 371, 373; *Daulton v. Daulton*, 139 B.R. 708, 710 (Bankr.C.D.Ill.1992).

The Court finds that the $7,000 in attorneys fees and the $3,853.50 in GAL fees are in the nature of support. The divorce court was quite specific in defining what was and was not marital property and took great pains to divide the marital property equally. In assigning the obligations of the parties, the divorce court acknowledged that Debtor earned more than twice as much income as Ms. Douglas. It seems clear that the divorce court allocated several large debts to Debtor because it was cognizant of the fact that Ms. Douglas' modest income would not permit her to pay those debts and support herself. In addition, the provision requiring Debtor to pay $7,000 of Ms. Douglas' attorney fees and Ms. Travis' GAL fee immediately follows the paragraph discussing maintenance in the divorce decree.[1] Given these factors, the Court concludes that the $7,000 in attorneys fees and the $3,853.50 in GAL fees ordered

---

1. The divorce decree states as follows in addressing the issue of who must pay the GAL fees:

"31. ... This Court orders the petitioner, Bobby Douglas, to pay (Ms. Travis') fees in the

by the divorce court to be paid by Debtor are nondischargeable under § 523(a)(5).

■ 11 U.S.C. § 523(a)(15) states as follows:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to repay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor(.)

■ To prevail under § 523(a)(15), the debt in question must be other than the type set forth in § 523(a)(5), that was awarded by a court in the course of a divorce proceeding or separation. *In re Paneras,* 195 B.R. 395

(Bankr.N.D.Ill.1996) *citing In re Silvers,* 187 B.R. 648 (Bankr.W.D.Mo.1995). Once this is determined, the burden of proof is bifurcated. If the debtor can show the inability to pay the debt, the examination stops and the debtor prevails. The debt will remain dischargeable if paying the debt would reduce the debtor's income below that necessary for the support of the debtor and the debtor's dependents. *Hill,* 184 B.R. at 754. However, if the debtor can afford to make the payment, then the plaintiff has the burden to show that the detrimental consequences outweigh the benefit to the debtor. *Taylor v. Taylor,* 199 B.R. 37 (N.D.Ill.1996); *In re Hesson,* 190 B.R. 229, 239 (Bankr.D.Md. 1995). This bifurcation results in placing the burden upon the party more able to present evidence. *Id.*

■ Because the Court is not dealing with the divorce court's or the parties' intent at the time of the decree, the correct measuring point for both affirmative defenses, i.e. both parties' financial condition, is the time of trial. *Hesson,* 190 B.R. at 238; *In re Taylor,* 191 B.R. 760, 766–67 (Bankr.N.D.Ill.1996), *aff'd sub nom Taylor v. Taylor, supra; cf. Hill,* 184 B.R. at 754 (the appropriate measuring point is the date of the filing of the Complaint).

As indicated above, although she was represented at the trial in this matter, Ms. Douglas failed or declined to appear in person. Consequently, no testimony was presented regarding Ms. Douglas' financial condition at the time of trial. Ms. Douglas' 1995 federal income tax return was offered into evidence; however, because the relevant inquiry is Ms. Douglas' financial state at the

amount of $3,853.50. Respondent is to continue paying Attorney Travis the amount of $100 per month, with a final payment of $53.50, till the amount is paid off." Decree at p. 11. A subsequent order of the divorce court states as follows:

"Paragraph 31 of this Court's Order entered August 30, 1995 is clarified to make it perfectly clear that it is Respondent who is ordered to pay the fee of Attorney Lynn Travis. Further, Judgment is entered in favor of Lynn Travis and against Respondent for all amounts stated in paragraph 31 of this Court's Order of Au-

gust 30, 1995." Order Re: Post–Trial Motion at p. 3.

This Court is of the opinion that the subsequent order serves only to clarify, and not the change, the fact that the intent of the divorce court at the time the decree was entered was to require Mr. Douglas to pay the GAL fee. It appears to this Court that the reference in the divorce decree to Ms. Douglas in paragraph 31 was in error and that the decree's apparent inconsistency in paragraph 31 is actually a scrivener's error.

966

time of trial, the Court cannot make any conclusions about her financial condition on September 17, 1996, from her 1995 tax return.

In view of this lack of evidence, even if the Court found Debtor able to pay the $14,-880.18 ordered paid to Ms. Douglas by the divorce decree, the complete lack of evidence regarding Ms. Douglas' financial condition means that Ms. Douglas failed to meet her burden to show that the detrimental consequences of discharging the debt outweigh the benefit to Debtor. Accordingly, the Court finds that the $14,880.18 is dischargeable in these proceedings.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.